[No. 5675.]

## HENRY LORENZ *v.* BARTOL JACOBS.

INTERLOCUTORY DECREE IN PARTITION. — In proceedings by cotenants for a partition of real property, whether a partition is to be ordered or a sale directed, it is indispensable that a decree interlocutory in its character be first entered, definitely ascertaining the rights and interests of the respective parties in the subject-matter.

APPEAL from the District Court of the Ninth Judicial District, Trinity County.

The plaintiffs, as tenants in common with the defendants, commenced these proceedings for the partition of their interests in the property known as the "Connor Ditch," a water ditch

used for mining.  They asked for a sale and a division of the proceeds, as the property was not capable of division in any other way.  The defendants answered, raising various issues as to the interests and rights of the respective parties.  Upon a trial of the cause the Court made the following decree, which is referred to in the opinion :

"This case having been tried in open Court, the Court being fully satisfied after a due consideration of the premises, and having filed conclusions of fact and law therein—

"It is ordered, adjudged, and decreed that John W. Phil- brook, John Martin, and M. F. Griffin be, and they are hereby appointed, referees to sell said property to wit : [describing the property].  That the sale of the property by said referees be made for cash, in gold coin of the United States, at public auc- tion to the highest bidder, upon notice published and given in the manner required for the sale of real estate on execution, and that said notice state the time and terms of sale, and that all of said property be sold as one parcel, and that it shall be so stated in said notice of sale.

"That after completing said sale the referees report the same to the Court, with the name of the purchaser or purchasers, the price paid, and the terms and conditions of sale, and pay the proceeds into Court to be distributed by final decree of this Court.  That said referees make such sale and file their report thereof in the office of the Clerk of this Court in Weaverville, before the 1st day of April, A. D. 1877, unless otherwise ordered by this Court, in order that the said final decree may be made, fixing and setting the respective rights of the litigants and the costs herein, and distributing the proceeds of the said sale."

The defendants moved for a new trial, which was denied, and they appealed.

*Burch & Griffith* and *John W. Irwin,* for Appellants.

*C. E. Williams,* for Respondents.

By the COURT :

Proceedings may be instituted by any of the cotenants of real property, as provided in the Code of Civil Procedure, (sec.

752) for a partition thereof according to their respective rights, or for a sale thereof, if it appear that the partition cannot be made without great prejudice to the owners. But whether partition is to be ordered or a sale directed, it is indispensable that a decree, interlocutory in its character, be first entered, definitely ascertaining the rights and interests of the respective parties in the subject-matter. In case a sale is to be directed, it is impossible for any party, in the absence of such an interlocutory decree, to know whether he is interested in maintaining or in resisting the proceedings.

The interlocutory decree entered below in this case is entirely silent as to the quantity of interest of either of the parties to the proceedings, and is erroneous in that respect. It is true that the Court has announced certain conclusions of law which, if they should be adhered to below, would go far to furnish the basis for such a decree; but the parties cannot bring an appeal from these conclusions, but only from the interlocutory decree itself, which decree, when properly entered, will become conclusive of their respective rights, unless such appeal be taken therefrom within sixty days from its entry in the minutes of the Court. (Code of Civil Procedure, sec. 939, subdivision 3.)

Decree and order denying a new trial reversed, and cause remanded for a new trial. Remittitur forthwith.