[No. 6,372.]

## LINEHAN *v.* HATHAWAY.

JUDGMENT — ESTOPPEL—PARTITION.—A judgment in a partition suit is conclusive as an estoppel upon all parties thereto; and, though erroneous, cannot be attacked collaterally.

APPEAL from a judgment of nonsuit, in the Third District Court, City and County of San Francisco.    McKEE, J.

The complaint is in the ordinary form in ejectment, for an undivided one-eighth part of the tract described.    The answer, among other defenses, pleaded as an estoppel a judgment in an action of partition—in which plaintiff and defendant were parties—under which the land in controversy, which was the north half of the Rancho San Lorenzo, was assigned to the defendant and others, and the north half to the plaintiff and others ; her interest being an undivided one-eighth.

On the trial an agreed statement was made, from which the following facts appear :

The plaintiff, as one of seven children of Francisco de Soto, (the original grantee, who died in 1845) was devisee under his will, as tenant in common with the other children and the mother, of an undivided one-eighth part of the Rancho San Lorenzo.

By the will referred to, the widow of deceased, Barbara C. de Soto, was made executrix, with power to sell for certain purposes; and she, on March 24th, 1853, executed a conveyance of all her interest in the north half of said rancho, and such interest in said north half as she had power as executrix to dispose of, to Wm. Carey Jones and Lewis Brady, from whom the defendant deraigns title. This deed provided that the grantees should have the right to an immediate partition, and have the privilege of making the partition themselves under certain conditions. The plaintiff claimed that this deed conveyed an undivided one-eighth of said rancho only—that is, the widow's interest.

In an action of partition by Brady and the grantees of Jones, against the widow and heirs, the complaint alleged that the plaintiffs and defendants were tenants in common; but it also set out the deed from the widow de Soto, and claimed that under its provisions they had chosen and selected the north half of said rancho, and prayed that the same might be set off to them; and the Court in effect found that a partition had in fact been made by the widow and Brady, by agreeing upon a certain initial point from which an east and west line should be run, dividing the rancho into two equal parts; and that such line was, at the request of Brady, and with the consent of the widow, run by a surveyor.

Upon the findings, an interlocutory decree was entered October 30th, 1865, adjudging the plaintiffs to be the owners of an undivided one-half of the rancho, and to be entitled to have set off to them the north half of the same, to be divided by a line running from the agreed point, with such a course as to divide the rancho equally.

This decree was afterward set aside by the written stipulation of the attorneys—including the attorney of the plaintiff in this case—and another decree entered; the last decree being the same as the first, except that it did not determine the rights of the defendants among themselves. Under this decree, a partition was made, and a final decree entered on the 1st of March, 1866.

The plaintiff, before the commencement of suit, made a writ-

ten demand upon defendant to be let into possession. She also testified that she never directly or indirectly authorized her attorney to make any stipulation with reference to the north half of the rancho, and at all times refused her consent to the stipulated decree.

Upon these facts the plaintiff was nonsuited, on the ground that she was estopped by the judgment in the partition suit.

*A. H. Griffith,* for Appellant.

The decree of partition, as well as the interlocutory decree, was *coram non judice,* because the parties were not cotenants, but holding in severalty. (Code Civ. Proc. § 752; Prac. Act, § 264; Freeman on Cotenancy, §§ 87, 119, 120, 431, 528; *McConnell* v. *Kibbe,* 43 Ill. 12; *DeUprey* v. *DeUprey,* 27 Cal. 336; 14 Johns. 355–431.) The decree in partition has no other effect than to sever the unity of possession. It does not vest in either of the cotenants any new or additional title. (*Wade* v. *Deray,* 50 Cal. 380.)

The consent decree of February 1st, 1866, was made, not only without the consent of plaintiff, but in contravention of her instructions and repeated refusals to participate in the same. (Bigelow on Estoppels, 18; *Jenkins* v. *Robertson,* L. R. 1 H. L. Scotch. 117; *Waldham* v. *Gay,* 73 Ill. 434; *Preston* v. *Hill,* 50 Cal. 43.)

*Clark & Leviston,* for Respondents.

Department No. 2, SHARPSTEIN, J.:

This is an appeal from a judgment of nonsuit in an action of ejectment. One of the defenses to the action was, that the premises sued for were allotted to the defendant in an action of partition to which the plaintiff was a party, and in which she appeared by an attorney who conducted her defense throughout the entire proceeding. No appeal has ever been taken from the judgment in partition. But it is contended on behalf of appellant that said judgment is absolutely void. We cannot so regard it. The Court had jurisdiction of the parties and of the

subject-matter of the action; and its judgment, if erroneous, cannot be attacked in a collateral proceeding.

Judgment affirmed.

THORNTON, P. J., and MYRICK J., concurred.