## COOMBS V. PARISH ET AL.

When summons is not issued within thirty days after filing complaint, *held* that the suit was properly dismissed on special appearance of defendant for the purpose of the motion.

*Error to District Court of El Paso County.*

THE case is stated in the opinion.

Mr. WILLIAM HARRISON, for plaintiffs in error.

Messrs. J. L. WILLIAMS and M. B. CARPENTER, for defendants in error.

STONE, J.    The only error assigned is the dismissal of the action in the court below.

The complaint was filed in the suit on the 23d of June, 1880. No summons was issued therein until the 6th day of August, 1880.

On the 28th day of July, 1880, the defendant moved to dismiss the suit on the ground that no summons was issued within thirty days after filing the complaint, as provided by section 30 of the code.

Upon a hearing of this motion the case was dismissed.

The provisions of the California code respecting the issuance of summons are similar to ours, except that the time within which the summons may issue is one year, instead of one month as in our code.

In the case of *The Linden G. M. Company v. Sheplar,* 53 Cal. 245, where summons was not issued within one year after the complaint was filed, it was held that a dismissal of the action was proper.

And this accords with previous decisions of the same court in construing the practice act of that state touching the issuance and service of summons. *Dupuy v. Shear,* 29 Cal. 238; *Reynolds v. Page,* 35 Cal. 296.

The principle of these decisions seems equally applicable to this case under the provisions of our own code.

Section 396 of the code defines a voluntary appearance of a defendant to be "when he answers, or demurs, or gives the plaintiff a written notice of his appearance."

The appearance entered by the defendant in this case was specially limited to the purpose of the motion to dismiss, and did not waive the right to make the motion. *Linden G. M. Co. v. Sheplar, supra.* Nor was the filing of a petition for removal of the cause into the federal court such an appearance in the case as to waive a summons.

The same definition of voluntary appearance in the California code is held not to embrace notices for new trial, appeal, and the like, nor papers served incidentally in the conduct of judicial proceedings, the direct and principal purpose of which is, not to give notice of appearance, but to give notice of a step about to be taken in the cause. *Steinbach v. Leese*, 27 Cal. 299; Harston's Practice, sec. 1014, and case cited.

The case was properly dismissed, and the judgment is affirmed.

*Affirmed.*

---

## SMITH ET AL. V. HAVENS.

1. Under section 147 of the code, the relief granted a plaintiff, if there be no answer, shall not exceed that demanded in the complaint; but in any other case the court may grant any relief consistent with the case made by the complaint and embraced within the issue.

2. Where all the points in a cause were fully elaborated in the charge to the jury, and the instructions were as favorable to the defendant as the evidence and the law applicable thereto would warrant, and the instructions refused, which could properly have been given, were embodied in those given, *held*, that the verdict should not be disturbed.

3. The credibility of witnesses and the weight of testimony, where there is a conflict, being matters of which the jury are the sole judges, and they being rightly instructed in the law applicable thereto, this court will not disturb their verdict.