Richmond, P. J.,
delivered the opinion of the court.
On the 5th day of June, A. D. 1889, plaintiffs in error, Parker Steves et al., filed a complaint in the district court of the Ninth judicial district in and for the county of Pitkin, and no summons was issued therein.
On the 6th day of July, 1889, the defendants in error appearing specially for the purposes of the motion and moved the court to dismiss the cause because no summons had been issued in said cause within, the period of time required by law.
Thereafter, on the 9th day of July, 1889, plaintiffs in error moved the court for leave to issue summons-in said causey notwithstanding the thirty days had elapsed since the filing of the complaint, on the ground that failure to issue summons in said cause was due to excusable neglect and oversight, and in support of the motion filed several affidavits.
This motion was denied and judgment of dismissal entered, to reverse which plaintiffs in error prosecute this writ.
The only error assigned is the dismissal of the action in the court below.
Section 33 of the Civil Code, Session Laws, 1887, page *201 101, provides as follows : — “ The clerk shall endorse on the complaint the day, month and year the same is filed, and at any time within one month after the filing of the same, the plaintiff may have a summons issued. The summons may he signed by the clerk and directed to the defendant to be issued under the seal of the court or it may be signed and issued by the attorney for the plaintiff.”
In the case of Coombs v. Parish et al., 6 Colo. 296, the supreme court of this state held that, “ When summons is not issued within thirty days after filing complaint, that the suit was properly dismissed on special appearance of defendant for the purpose of such motion.”
There appears no adjudication of the supreme court upon this question which in any way conflicts with the conclusion therein reached, and we think that the decision in that cause is conclusive upon us.
However much the circumstances as detailed in the affidavits might have appealed to the discretion of the court in the matter, we are unable to concede that the question of discretion is in any way involved.
Two methods are pointed out by the section of the code referred to for issuing summons: one signed by the clerk directed to the defendant, or signed and issued by the attorney for the plaintiff.
Certainly the clerk would not issue a summons in any cause without being so directed to do by the plaintiffs or their attorneys, and the failure of the attorneys on behalf of the plaintiffs to issue the summons would indicate that for some reason best known to themselves they did not desire a summons to be issued. The failure so to do in our judgment places it absolutely beyond the power of the court to grant the relief asked. The defendants having limited their appearance specially were not within the jurisdiction of the court whereby they would be bound by any order it might make in the premises.
The cause was properly dismissed and the judgment is affirmed.

Affirmed.