### JAMES JACK ET AL. V. WILLIAM CASSIN ET AL.

#### No. 538.

1. **Land Certificate—Administrator's Contract for Location.**—An administrator had power to make a contract for the location of a land certificate belonging to the estate, by which the locator was to receive a part of the land as compensation for his services and expenses.

2. **Partition in Probate Court—Necessary Parties—Irregularities.**—The Probate Court, under the law in force in 1851, had power to decree a partition of land between the estate and a cotenant, and in a suit by the cotenant against the administrator, the heirs were not necessary parties to it; and the court having had jurisdiction to render the decree, it is not susceptible of impeachment, in a collateral proceeding, for mere irregularities.

3. **Same—Jurisdiction—Failure to Appoint Commissioners.**—That a partition was effected directly by decree of the court, without observing the provisions of the statute relative to commissioners, discloses no more than an irregular exercise of the court's power to effect partition.

4. **Evidence—Agreement of Counsel—Presumption from Lapse of Time.**—Where there was an agreement in the case made by counsel containing a direct admission that there was a deed from the administrator, dated June 2, 1851, and there was a decree ordering the administrator to execute the deed, after this lapse of time, and in the absence of contrary testimony, a presumption is afforded of its execution.

5. **Trespass to Try Title—Superior Outstanding Title.**—Where the evidence shows that the title had passed out of the estate under which the plaintiffs claim as heirs, they can not recover.

APPEAL from Zavalla. Tried below before Hon. M. F. LOWE.

*T. G. Baker, A. A. Dial,* and *O. Ellis,* for appellants.—1. The jurisdiction of the County Court to enforce specific performance by an administrator is special, and can be exercised only when there is a bond, or the agreement to make title is in writing. Rev. Stats., art. 2096; Pasch. Dig., art. 1313; Booth v. Todd, 8 Texas, 138; Peters v. Phillips, 19 Texas, 70; Wise v. O'Malley, 60 Texas, 588; Houston v. Killough, 80 Texas, 296.

2. All persons who have an interest in the property are necessary parties, and a partition is binding upon the parties only who are before the court. Cryer v. Andrews, 11 Texas, 182; House v. Brent, 69 Texas, 29.

3. Before a certified copy of a deed will be received in evidence, the absence of the original must be accounted for; the original must have been properly authenticated for record, and the deed must have been recorded in the proper county—the county wherein the land is

situated. Pasch. Dig., art. 5008; Act May 12, 1846; Rev. Stats, arts. 4314, 2257; Land Co. v. Chisholm, 71 Texas, 527; Hill v. Taylor, 77 Texas, 299; Cavit v. Archer, 52 Texas, 166; Uhl v. Musquez, 1 Posey's U. C., 657; Taylor v. Harrison, 47 Texas, 454.

*Clark & Fuller*, for appellees.—1. It was the duty of the administrator to care for and preserve the estate, and to have the land certificate located, treating it as any other personal property belonging to the estate. 2 Sayles' Early Laws, 180; Id., sec. 69, p. 181; Id., sec. 73, p. 182; Id., sec. 79, p. 200; Id., secs. 19, 20; Wren v. Harris, 78 Texas, 351; Morrell v. Wright, 78 Texas, 519

2. The administrator had the right to contract verbally for the location of said certificate, giving an interest in land to be acquired, and said contract was for the purpose of acquiring land, and when acquired would be jointly owned by the locator of the estate. Watkins v. Gelkerson, 10 Texas, 343; Gibbons v. Bell, 45 Texas, 421; Harris v. Shafer, 21 S. W. Rep., 111; Wren v. Harris, 78 Texas, 351; Morrell v. Wright, 78 Texas, 519; Ellis v. Stone, 23 S. W. Rep., 406.

3. The Probate Court was a court of general jurisdiction, and the presumption is in favor of its jurisdiction and the legality of its proceedings, although the proceedings may be irregular. Lyne v. Sanford, 82 Texas, 63; Guilford v. Love, 49 Texas, 715; Heath v. Layne, 62 Texas, 691; White v. Jones, 67 Texas, 639; Martin v. Robinson, 67 Texas, 379.

4. The execution and loss of the original deed being admitted, with the agreement, in effect, that the copy offered in evidence is a copy of the original, with the presumption of law that the original was correctly recorded, made the certified copy admissible in evidence. Fultz v. Ferguson, 24 S. W. Rep., 658.

JAMES, CHIEF JUSTICE.—A certificate for two-thirds of a league and labor of land was issued to Patrick C. Jack. Jacob De Cordova located the certificate in one survey, paid the expenses, and procured the patent, under an oral agreement with the administrator of Jack's estate, Thomas F. McKinney. In 1851 De Cordova filed his petition to the County Court of Brazoria County, alleging the verbal contract between himself and the administrator by which he had undertaken to locate the certificate, describing the land so located by him from the patent he had obtained, and claiming that he was entitled to one-third of the land under his agreement with the administrator, asking that a certain one-third, defining the same by metes and bounds, be given him, and prayed that the court order the administrator to make title to him to such one-third.

The decree of the County Court upon this application, in January, 1851, recites, that the case came on for hearing, and R. J. Towns had accepted service for the administrator and waived citation, and the court having heard the petition and considered the matters, "it is

ordered, adjudged, and decreed, that Thomas F. McKinney, adminis-
trator of the estate of the said Patrick C. Jack, do make and execute
to the said J. De Cordova a title in accordance with the prayer of his
petition and agreement, as stated.''

In June, 1851, the said administrator executed to Jacob De Cordova
a deed to the 1043 acres as described in said order, and in pursuance
thereof.

For this, the northern one-third of the survey, plaintiffs, claiming to
be the heirs of Patrick C. Jack, sue defendants in possession.    Defend-
ants had a chain of title under De Cordova, the merits of which will
be discussed in the opinion, if found to be necessary.    From the view
we take of this case, it is not necessary that we should inquire into
whether or not the plaintiffs succeeded in proving their heirship.    The
district judge found that they had not done so, and based his judgment
on this finding as well as on the finding of title in De Cordova through
said action of the County Court.   .

*Opinion.*—That an administrator had the power to make the contract
alleged by the locator is a settled question in this State.    2 Sayles'
Early Laws, sec. 69, p. 200; Wren v. Harris, 78 Texas, 351.    The decree
of the Probate Court was an approval of the arrangement made by
the administrator.

The petition, properly construed, was an assertion of title by De Cor-
dova to an undivided interest of one-third in the survey by reason of
the facts stated, asking that his interest be partitioned to him in a cer-
tain manner.

That the court had jurisdiction to decree partition between the es-
tate and a cotenant under statutes then in force, is also not open to
question.    Nor were the heirs necessary parties to a proceeding of that
kind.    2 Sayles' Early Laws, sec. 106, p. 191; Guilford v. Love, 49
Texas, 733; Lawson v. Kelley, 82 Texas, 457.

It results from these principles, that the decree is practically a par-
tition decree, was one the court had jurisdiction to render, and that it
is not susceptible of impeachment in a collateral proceeding for mere
irregularities of procedure.

The defects in this proceeding advanced by counsel, or occurring to
us, are:

1.    That the statute allowed specific performance of contracts to be
enforced in the County Courts only when in writing.    This provision
is clearly wanting in applicability here, for it was not a case of a con-
tract with the deceased.

2.    That all persons having an interest in the property (the heirs)
were not parties to the proceeding.    This has been ruled against in
cases above cited.

3.    That the administrator was not cited, nor did he enter his ap-
pearance, the acceptance and waiver being by one acting as his attor-
ney.    This is untenable, particularly in view of the fact that the

administrator in person carried into effect the provisions of the decree, and the conclusion is irresistible that the attorney acted by his authority.

4. A defect that is obvious, viz., that the partition was effected directly by a decree of the court, without observing the provision relative to commissioners. The omission of this feature which could be relied on in direct proceedings to vacate the partition, in our judgment, discloses no more than an irregular exercise of the court's power to effect partition. The appointment of commissioners was not the basis of the jurisdiction, the statute did not so prescribe, and there is no just reason at this day, on that ground or on any other, so far as we see, to allow the heirs to enter objections to the decree.

The land was the property of the estate, and was patented to Patrick C. Jack, his heirs and assigns. The decree is evidence of De Cordova's title to one-third thereof, and of a partition by a proper court conclusive on the heirs, whereby the title to the land in controversy became vested in De Cordova. This title was a legal title, and therefore, assuming that plaintiffs showed themselves to be the heirs of Jack, this outstanding title to the land was of itself sufficient to authorize the judgment rendered.

It is urged, however, that the deed from the administrator was not properly in evidence. A certified copy of this deed from the record of Uvalde County was used, and it must be conceded that the authentication was not sufficient. The original was not produced. There was an agreement in the case, one section of which we copy:

"2. Plaintiffs waive notice of the filing herewith of a certified copy from the records of Uvalde County of a deed from Thomas F. McKinney, administrator of Patrick C. Jack's estate, to Jacob De Cordova, said deed bearing date June 2, 1851, and that the original of said deed was filed for record by J. M. McCormack, then county clerk of Uvalde County, Texas, and recorded in the deed records of Uvalde County on the 31st day of July, 1857."

The objections to said copy, not disposed of by what has been said, are, that the absence of the original was not sufficiently accounted for; that the deed was not recorded in the proper county, and that the certified copy, on account of its improper registration, was not competent evidence for any purpose.

It seems to us that there was no necessity, in view of what said agreement contains, of any proof respecting the loss or contents of the original deed. The agreement contains a distinct admission that there was a deed from Thomas F. McKinney, administrator of Patrick C. Jack, to Jacob De Cordova, bearing date June 2, 1851. This, together with the preceding decree ordering the administrator to execute a deed to Jacob De Cordova for the land in controversy, would certainly after this lapse of time, and in the absence of contrary testimony, afford presumptive evidence that it was for the land ordered to be conveyed. This presumption would be eminently proper where the

original is shown to be lost, as the testimony that was given in this case reasonably establishes.

According to these views, the other questions raised are without significance. Plaintiffs may have proved their heirship, and defendants may not have shown regular chain of title to themselves from De Cordova, yet plaintiff should not have recovered when it appeared that the title to the land had passed out of the estate.

The judgment is affirmed.

*Affirmed.*

Delivered December 12, 1894.