STEVES ET AL. v. CARSON ET AL.

1. PRACTICE IN CIVIL ACTIONS—DISCRETION.
A motion to dismiss an action and strike the complaint from the files because no summons had been issued within thirty days from the date of filing the complaint, as required by the code, is addressed to the sound discretion of the court.

2. DISCRETIONARY RULINGS, WHEN REVERSIBLE.
The judgment of the court below, based upon a ruling as to a matter resting in its sound discretion, may be reviewed and reversed when it appears that, from a mistaken notion of its power in the premises, it failed to exercise discretion.

*Error to the Court of Appeals.*

Messrs. WILSON & STIMSON, for plaintiffs in error.

No appearance for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The plaintiffs in error commenced this action on June 5, 1889, by filing in the district court of Pitkin county a complaint in support of an adverse claim filed in the United States land office at Glenwood Springs, May 10, 1889.   No summons was issued.   On July 6, 1889, the defendants in

error specially appeared and moved the court to dismiss the cause and strike the complaint from the files because no summons had been issued within thirty days from the date of filing the complaint. On July 9, 1889, plaintiffs in error filed a cross motion for leave to issue summons in the cause, upon the ground that the failure to issue the summons was due to excusable neglect, etc. Affidavits were introduced in support of this motion to the effect that E. C. Stimson, Esq., the attorney who prepared the complaint, gave it, with money to pay the docket fee, to a clerk in his office, with instructions to file the same and to request the clerk to issue summons thereon; that on the following day he left the state, and was absent for the period of six weeks, and did not know until his return that summons had not been issued in pursuance of his direction; that he had the entire charge of the case, and that his partner, Mr. Wilson, did not know the complaint had been filed. The court below sustained the motion to dismiss the action, and overruled the motion for leave to issue summons upon the ground that "the court * * * has no discretion, and is without power to order summons after the expiration of said thirty days."

Section 33, Civil Code of 1887, provides that:

" The clerk shall endorse on the complaint the day, month and year the same is filed, and at any time within one month after the filing of the same, the plaintiff may have a summons issued. The summons may be signed by the clerk and directed to the defendant, to be issued under the seal of the court, or it may be signed and issued by the attorney for the plaintiff."

On error to the court of appeals, that court affirmed the judgment of the court below upon the authority of the case of *Coombs v. Parish et al.*, 6 Colo. 296, and, *inter alia*, said:

" However much the circumstances as detailed in the affidavits might have appealed to the discretion of the court in the matter, we are unable to concede that the question of discretion is in any way involved."

We think the court of appeals was in error in holding that the case of *Coombs v. Parish* concludes the question here presented, to wit, whether the district court had discretion in the matter. It does not appear from the record in that case that any facts were shown or relied on as an excuse for not issuing summons within the time prescribed; and no intimation is found in the opinion that if there had been, the trial court could not have exercised discretion. And, furthermore, that decision was based upon the code of 1877, which provided (sec. 29) that "civil actions * * * shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought, *and the issuing of a summons therein.*" By section 46 it is provided that "*from the time of the service of the summons* in a civil action, the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings." Therefore, that action had not been commenced. We find a very material change in the code of 1887, section 32 providing that "civil actions shall be commenced by the filing of a complaint * * * or by the service of a summons." Section 44 provides, further, that "from the time of the filing of the complaint, * * * the court shall be deemed to have acquired jurisdiction, and to have control of all subsequent proceedings."

Hence, in the case at bar, the court had acquired jurisdiction, and by virtue of its general powers had control of the proceedings, and it was clearly within its province to consider and weigh the evidence presented, and, in the exercise of a sound discretion, to grant or refuse the relief asked. If it satisfactorily appeared that plaintiffs had done all that was incumbent upon them to procure the issuance of the summons, and the omission to issue it was due to the oversight or neglect of the clerk, then they ought not to be prejudiced by such failure or neglect, under the well settled principle that no person shall suffer from the nonfeasance of a public officer in the performance of his official duties. On the other hand, if it appeared that the failure to issue

the summons was due to the neglect of plaintiffs, then they should suffer the penalty of such neglect.

In *Dupuy v. Shear*, 29 Cal. 238, the leading case cited and relied on as sustaining the conclusion of this court in the *Coombs Case*, it is said:

"If the court had any authority to direct a second summons to issue, it must be because by filing the complaint and issuing a summons thereon, a suit had been commenced within the meaning of the provisions of the practice act, and there was thenceforth a suit pending and within the control of the court, which the court by virtue of its general powers over the subject-matter was authorized to dispose of, and as incident to this power it was authorized to direct process to issue for the purpose of acquiring jurisdiction of the person. * * * Conceding this authority to exist, the exercise of the power rests in the sound legal discretion of the court."

While we might not feel at liberty to interfere with the action of the court below in dismissing the case had it done so in the exercise of its discretion, we feel compelled to reverse its ruling because it failed to exercise any discretion, but felt bound to dismiss the action under a mistaken notion of its power in the premises. The judgment of the court of appeals is accordingly reversed, with directions to reverse the judgment of the district court and remand the cause for further proceedings.

*Reversed.*