[S. F. No. 466.    Department Two.—April 7, 1897.]

# ADAM GRANT, RESPONDENT, *v.* DANIEL T. MURPHY ET AL., DEFENDANTS. MARY HELEN DOMINGUEZ ET AL., APPELLANTS.

PARTITION—INTERLOCUTORY DECREE—SALE—INTEREST OF DECEASED CO-TENANT—CONTEST OF HEIRS IN PROBATE COURT.—As a general rule, all the parties in an action for partition are actors, and each party may set up in his pleadings his interest in the premises and have it ascertained and adjudicated, and such adjudication must appear in the interlocutory decree, in order to its validity, whether there is to be a strict partition, or the case is one where the premises cannot be divided and must be sold; but where the heirs of a deceased cotenant are contesting his estate in the probate court, which cannot be ousted of jurisdiction of such contest, and the interest of the deceased cotenant has been definitely ascertained, and the premises must be sold in order to effect a just division, it is proper to make a decree of sale, leaving the rights of the contesting claimants to be determined in the court having jurisdiction thereof, and such decree is warranted by the general law of partition, and not violative of any provision of the code.

ID.—CONSTRUCTION OF CODE—JURISDICTION—DETERMINATION OF HOSTILE CLAIMS.—Sections 759 and 774 of the Code of Civil Procedure, so far as applying to the determination by the court of questions of title, as between hostile claimants to any share or parcel, or to the proceeds of the sale thereof, are to be construed as limited to the determination of issues over which the court in which the partition proceedings are pending has jurisdiction, and not as applicable to the determination of hostile claims to the estate of a deceased cotenant, over which the probate court has exclusive jurisdiction.

DECISIONS—GENERAL EXPRESSIONS—LIMITATION TO FACTS AND QUESTIONS INVOLVED.—General expressions employed in the decision of a particular case are to be taken as pertinent to the facts then before the court and the questions there involved, and not as applicable to and determinative of a question not then in contemplation.

APPEAL from an interlocutory decree of the Superior Court of the City and County of San Francisco. CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court.

*George D. Metcalf, Metcalf & Metcalf, Myrick & Deering,* and *A. A. Moore,* for Appellants.

The interests of the cotenants in partition as between themselves should have been determined by the interlocutory decree, and the court could not order a sale of

the property until such determination. (Code Civ. Proc., secs. 753, 758, 759, 786; *Emeric* v. *Alvarado,* 64 Cal. 609–12; *Lorenz* v. *Jacobs,* 53 Cal. 24; *Stevens* v. *McCormack,* 90 Va. 735, 736.)

*Lloyd & Wood,* for Respondent.

Partition is a matter of absolute right, and will not be denied unless cogent reasons showing that it is impossible can be produced. (Freeman on Cotenancy and Partition, secs. 424, 433.) The partition will not be stayed because of the impracticability of settling at once and before the sale all the collateral questions that may arise between parties to the suit. (*Moore* v. *Moore* (Tex. Civ. App., May 1, 1895), 31 S. W. Rep. 532; *Minear* v. *Hogg* (Iowa, May 21, 1895), 63 N. W. Rep. 36; *Lycan* v. *Miller,* 112 Mo. 548.)

McFARLAND, J.—This is an appeal from an interlocutory decree in a suit for partition. The point made by the appellants is that the decree does not determine the interest of all the various parties in the premises, and that for this reason it is invalid and should be reversed.

The facts found by the court, and admitted by the parties, which are necessary to be noticed, are these: The premises consist of a city lot in San Francisco, upon which there is a large business building; and it is found by the court, and admitted, that it cannot be divided, but must be sold. On the third day of June, 1885, the owners of the premises were Adam Grant and Daniel T. Murphy, each owning an undivided half as tenant in common with the other. On that day the said Daniel T. Murphy died, leaving a will; and afterward his half of the property was distributed by the proper probate court, as follows: One-half thereof, or six twenty-fourths of the whole property, to his widow, Anna L. Murphy, and one twenty-fourth to each of his six children, Eugene K. L. Murphy, Daniel T. Murphy, Samuel J. Murphy, Mary Helen Murphy (now Mary Helen Dominguez), Frances Josephine Murphy, and Mary Margaret Isabella

Murphy.  There was also another daughter, Anna Wolseley (formerly Anna Murphy), to whom nothing was given by the will of said deceased.  Daniel T. Murphy and Samuel J. Murphy each afterward conveyed his one twenty-fourth to the plaintiff herein, so that at the time of the decree the plaintiff was the owner of fourteen twenty-fourths of the premises.  Afterward the widow, Anna L. Murphy, died, leaving a will by which it is claimed by some of the parties that she devised her six twenty-fourths to her three daughters, the aforesaid Mary Helen Dominguez, Frances Josephine, and Mary Margaret Isabella.  This will was admitted to probate in the superior court of Alameda county, but it was afterward contested by the brothers and said Anna Wolseley, and the probate thereof was set aside by the court.  But, upon appeal, the judgment of the said superior court was reversed in this court, and judgment ordered admitting the said will to probate.  After the *remittitur* went down, however, another appeal was taken, which is still pending.  The said three daughters of Anna L. Murphy, deceased, who claim under her will as aforesaid, set up in their answers that each of them, in addition to the ownership of one twenty-fourth part of the premises, is also entitled to an undivided one-third of the one-fourth of said lands held by their said mother.  The defendant, Victor H. Metcalf, who is the administrator of the estate of said Anna L. Murphy, deceased, set up in his answer that the estate was the owner of the undivided one-fourth of said premises.  The said Anna Wolseley, Daniel T. Murphy, and Samuel J. Murphy filed answers in which they denied the validity of the said will of their mother, Anna L. Murphy, and set up that each is entitled to an undivided one-seventh of the undivided one-fourth of said premises, which belonged to their mother at the time of her death.

The said Eugene K. L. Murphy also died, leaving a will; and there is a contest between his heirs and certain trustees named in his will as to his one twenty-fourth of the premises; but as there is no appeal taken

by the trustees or heirs, or any other person, from that part of the decree which disposes of his one twenty-fourth, that part of the decree need not be here considered.

The court found, and the interlocutory decree adjudges, that the plaintiff is the owner of fourteen twenty-fourths of the premises; that Mary Helen Dominguez is the owner of one twenty-fourth; that Frances Josephine Murphy is the owner of one twenty-fourth; that Mary Margaret Isabella Murphy is the owner of one twenty-fourth; and that the successors in interest of Eugene K. L. Murphy, deceased, are the owners of one twenty-fourth; and there is no objection made by any one to those parts of the findings and decree above stated. However, as to the remaining one-fourth, or six twenty-fourths, which belonged to Anna L. Murphy at the time of her death, the court finds that it belongs to those who are entitled to the real estate of which said Anna L. Murphy died seised, but does not determine who of the several parties are so entitled, and in what proportion they are entitled. The decree determines that said one-fourth is in the estate of said Anna L. Murphy, deceased, but leaves it to the probate court, where the administration of said estate is pending, to determine how it should be distributed.

From this decree Mary Helen Dominguez, Frances Josephine Murphy, Mary Margaret Isabella Murphy, and Victor H. Metcalf, administrator, appeal; and the point made by them for reversal is that the decree does not definitely ascertain and determine who of the various parties are entitled to the interest of the said Anna L. Murphy, deceased, and in what proportion they are so entitled. This is the only question presented in the case.

Under these circumstances it would seem just to allow the sale to be made, leaving that part of the proceeds which goes to the successors in interest of Anna L. Murphy, deceased, to await the determination of the said contest in the probate court; but under former

decisions of this court, and the provisions of the code upon the subject, the question involved is not free from difficulty. If the court below had retained the case for a reasonable time, to allow the probate court to determine the contest before it—a course pursued by courts of equity in early times, when they held that they could not try title in an action for partition—some embarrassment which now arises might perhaps have been avoided. But we have to take the case as we find it, and the question now is, Must the decree be reversed for the said reasons urged by the appellants?

It seems to be settled by the authorities that, as a general rule, all parties to an action for partition are actors; that each party, whether plaintiff or defendant, has the same rights, other things being equal, as any other party; that each party may set up in his pleading the nature and extent of his interest in the premises involved, and have the same ascertained and adjudicated; that the adjudication must appear in the interlocutory decree; that these principles apply ordinarily to a case where the premises cannot be divided and must be sold, as well as to a case where there can be a strict partition; and that a decree which does not adjudicate the interests of the respective parties is invalid. (*Morenhout* v. *Higuera*, 32 Cal. 290; *De Uprey* v. *De Uprey*, 27 Cal. 336; 87 Am. Dec. 81; *Bollo* v. *Navarro*, 33 Cal. 459; *Lorenz* v. *Jacobs*, 53 Cal. 24; *Emeric* v. *Alvarado*, 64 Cal. 529; *Stevens* v. *McCormick*, 90 Va. 735; Freeman on Cotenancy and Partition, sec. 516.) It is to be observed, however, that in the cases above cited the subject was being dealt with generally, and not in view of any such particular phase of the question as is presented by the case at bar. In some of the cases there had been no ascertainment or adjudication at all by the trial court of the interests of any of the parties to the action. In the case at bar, a sale of the premises was confessedly necessary; the interests of all the parties in the proceeds of the sale were definitely settled by the decree, except only the interests, as between themselves, of certain parties

who were contesting claimants of the interests of a deceased cotenant; the quantity of interest which belonged to said cotenant at the time of her death, and which became part of her estate, was also definitely determined; and a contest between said claimants involving their conflicting rights to said deceased cotenant's interest had been inaugurated, and was pending and undetermined in the probate court, which had full jurisdiction of that subject. These facts, or facts similar to them, did not exist in any of the cases to which our attention has been called; and they cannot, therefore, be held as determining definitely how the law should be applied to a peculiar condition not contemplated when the decisions were made. For instance, *Lorenz* v. *Jacobs, supra,* and *De Uprey* v. *De Uprey, supra,* are the only cases decided by this court which involved a decree for the sale of the land instead of a partition by metes and bounds. In the Lorenz case the trial court had decreed a sale of the water ditch involved, without having ascertained or determined the interest of any one party to the action; and the De Uprey case involves questions of pleading, practice, parties, variance, etc., which are quite different from the question presented in the case at bar. Therefore, general expressions used in the opinions in those two cases are to be taken as pertinent to the facts then before the court, and the questions there involved, and not as applicable to, and determinative of, a question not then in contemplation. We think, therefore, that the question now before us is, so far as former decisions go, an open one; and, as the conclusion of the court below is apparently a just one, the decree should not be reversed unless it is violative of some statutory provision.

The provisions of the Code of Civil Procedure upon the subject of partition are not extremely clear and definite; and some of them are almost irreconcilably inconsistent and contradictory. They certainly do not define with precision the proper procedure to be taken if the action should come to the point reached in the

case at bar—namely, where a cotenant had died, and, although the quantity of interest going to his estate had been definitely ascertained, there was a contest between claimants of his estate pending in the proper probate court, which could not be ousted of the jurisdiction of such contest. Of course, in such a case, neither a plaintiff nor a defendant, other than the said contestants, can have any control over the proceedings in the probate court, and new complications might arise from deaths of other parties. Must they wait until proceedings which they cannot hasten have terminated in the probate court, and which might remain there unsettled for many years? or may they proceed to a division, leaving the contestants to a particular interest to settle their claims among themselves in the proper court? We think that the latter course is a proper and just one, and within the general scope of the law and the jurisdiction of the court, at least where there is to be a sale of the entire premises and a deposit of the proceeds in court. We need not inquire whether the rule could be properly applied to a case of strict partition of the premises by metes and bounds.

Appellants rely a good deal upon section 759, and respondents upon section 774; and it is very difficult to construe the two sections so that both can stand—which of course, ought to be done, if possible. Section 759 provides that " When a sale of the premises is necessary, the title must be ascertained by proof to the satisfaction of *the court*, before the judgment of sale can be made; . . . . except that where there are several unknown persons having an interest in the property, their rights may be considered together in the action, and not as between themselves." But section 774 provides that " When the proceeds of the sale of any share or parcel belonging to persons who are parties to the action, and who are known, are paid into court, the action may be continued, as between such parties, for the determination of their respective claims thereto, which

CXVI. CAL.—28

must be ascertained and adjudged *by the court;*" and provision is made for further evidence, pleadings, etc. No very satisfactory construction of these two apparently conflicting sections is given by counsel for either side. We do not, however, consider it necessary in the case at bar to absolutely determine what these sections, taken together, mean; for they evidently cannot be applied to the particular condition of this case. They clearly apply only to issues over which the court in which the partition suit is pending has jurisdiction. "The court" mentioned in either section is the court into which the parties had been brought by the action for partition; and both sections are based upon the assumption that the matters therein mentioned are matters over which *that court* had jurisdiction. But where the estate of a deceased cotenant is unsettled, and the administration thereof is pending in the proper probate court, and there is also pending there a contest between heirs and devisees as to who are the rightful owners of the interest of such deceased cotenant, there is no jurisdiction in the court in which the partition suit is pending to hear and determine the issues between the hostile claimants of the interest of the deceased cotenant; such jurisdiction is in the probate court. And where, as in the case at bar, the court has determined all matters over which it has jurisdiction, and has definitely ascertained all the interests of all the cotenants, except only the issues between contesting claimants in the probate court of the interest of a deceased cotenant, over which issues it has no jurisdiction, and the premises must be sold in order to effect a just division—there a decree of sale, leaving the rights of said contesting claimants to be determined in the court having jurisdiction thereof, is proper; is warranted by the general law of partition, and is not violative of any provision of the code. Section 786, which provides that the referees who make the sale may take a purchaser's receipt for his share of the proceeds, is not determinative of the question; there

are other instances provided for by the code in which it
could not be applied.

The decree is affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.