[No. 5073.]
[No. 2639 C. A.]

WHITMORE ET AL. v. GASTON.

**Practice in Civil Actions—Summons Issued by Attorney—Default.**

Where the record shows that a summons was issued by plaintiff's attorney, under §33 of the Colorado Civil Code, the day the complaint was·filed, and the summons together with the proof of personal service was returned and filed in court, a default judgment thereafter taken thereon cannot be set aside on the ground that the court had no jurisdiction of the defendant, because no summons was issued within 30 days after the filing of the complaint as required by the statute.—P. 346.

*Appeal from the District Court of Teller County. Hon. William P. Seeds, Judge.*

Action by A. B. Whitmore and G. C. Blakey against John C. Gaston. From a judgment setting

aside default judgment in favor of defendant and dismissing the action, plaintiffs appeal.

*Reversed.*

Messrs. POTTER & McCARTHY, for appellants.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action in support of an adverse claim filed in the United States land office. There was a default judgment in plaintiffs' favor in April, 1901. After the expiration of the term when it was rendered, and in August of the same year, the defendant appeared specially and moved to set aside and vacate that judgment and to dismiss the cause because the court acquired no jurisdiction of the person of the defendant, and because no summons was issued within one month after the commencement of the action or the filing of the complaint. The court sustained the motion, vacated the judgment, and dismissed the action, and from that judgment the plaintiffs appeal.

The defendant relied upon the record to sustain the facts set up in his motion, there being no other proof. The complaint was filed March 27, 1900. On the same day a summons was signed and issued by the plaintiff's attorney which was afterwards personally served, and with proof thereof filed and returned into court. The court in rendering judgment for the plaintiffs found as a fact that summons had been duly served, and that the defendant had not seasonably, or at all, responded thereto, whereupon defendant's default was entered, and judgment duly given against him in plaintiffs' favor.

The record shows that when, in August, 1901, the court set aside the judgment and dismissed the action, this summons, with proof of service, was on file in the action. It also appears that on the same day that the complaint was filed and the summons

was signed and issued by the plaintiffs' attorney, another summons was duly issued by the clerk of the court, which was not served and apparently was not on file at the time the judgment was set aside and the action dismissed, although it was duly filed before the formal decree or judgment of dismissal, as signed by the judge, was filed with the clerk.

In *Steves v. Carson,* 21 Colo. 280, it was held that a motion to dismiss an action and strike the complaint from the files because no summons has been issued within 30 days from the filing of the complaint, as required by section 33 of the code, is addressed to the sound discretion of the court. We are at a loss to know upon what possible ground the court reached the conclusion that the judgment entered in plaintiffs' favor in April, 1901, should be vacated and the action dismissed. The only ground which defendant specified was that the summons was not issued within one month after the filing of the complaint. Just why two summonses were issued, one signed by the clerk, the other by plaintiffs' attorney, or which was first issued, we are not advised. At the time of the hearing of defendant's motion there was on file in the action the return upon the summons issued by the plaintiffs' attorney showing due service on defendant, and the record shows that because the defendant did not respond to this summons his default was entered and judgment rendered against him.

We do not think the court can ignore the facts disclosed by the record. We apprehend, although the fact does not appear from the abstract but from the original transcript, that as the summons which was issued by the clerk of the court was not actually returned at the date of the hearing of defendant's motion, this fact was considered controlling by the court that no summons was issued within the month. But

this return and filing were made before the judgment of dismissal was entered, though the fact that the clerk had within the legal time issued a summons may not have been actually brought to the attention of the court at the time of the hearing of the motion.

However that may be, it does appear, without dispute, that summons was issued by the plaintiffs' attorney, as was proper under section 33 of the code, the very day the complaint was filed. The grounds set up in the motion are contradicted by the record itself, and the motion, therefore, should have been overruled.

The judgment must be reversed and the cause remanded, and it is so ordered.        ·        *Reversed.*

Chief Justice Gabbert and Mr. Justice Steele concur.