[L. A. No. 2401. Department Two.—April 21, 1910.]

C. H. BALDWIN, Administrator etc. of Estate of Anderson W. Todd, Deceased, et al., Respondents, v. JOSEPH FOSTER et al., Appellants.

APPEAL—DECREE QUIETING TITLE—EXECUTION SALE OF INTEREST IN LOT—AWARD TO COTENANTS—PARTITION OF LARGE TRACT—VALIDITY NOT DIRECTLY INVOLVED—COLLATERAL ATTACK.—Upon appeal from

a decree quieting title against execution purchasers of an undivided interest in a tract of five acres separately awarded to nine cotenants thereof in an action to partition a tract exceeding one hundred and sixty acres, the validity of the original judgment in partition is not the subject of direct review, and can only be considered as upon a collateral attack, where every intendment is in favor of the judgment collaterally assailed, and no mere error or irregularity therein can be considered.

ID.—LIMITS OF COLLATERAL ATTACK ON JUDGMENT—WANT OF JURISDICTION.—In general, a judgment can only be collaterally attacked or set aside when the court lacks jurisdiction of the person or jurisdiction of the subject-matter or the absolute jurisdiction to render such a judgment as the one given.

ID.—SUFFICIENCY OF COMPLAINT IN PARTITION NOT COLLATERALLY ASSAILABLE — FLOATING GRANTS — TENANCY IN COMMON. — The sufficiency of the complaint in partition cannot be collaterally attacked, though it states a cause of action. to partition undivided interests in a tract exceeding one hundred and sixty acres. In such case, persons having floating grants of eighty acres each were tenants in common, and entitled to partition as such. Such floating grants were not void for uncertainty.

ID.—AMENDED COMPLAINT BRINGING IN NEW PARTIES—AMENDED SUMMONS AFTER ONE YEAR—POWER OF COURT—PRESUMED ORDER.— Where the original summons in partition was issued within one year, when decedent was a party defendant thereto, and by an amended complaint new parties were added, after which an amended summons issued after one year was served on all defendants, the court had power to permit such amended summons to issue; and it must be presumed as against a collateral attack upon such amended summons that it was properly issued upon an order of the court, where nothing appears to the contrary.

ID.—APPOINTMENT OF SINGLE REFEREE—RECITAL OF CONSENT—ERROR NOT COLLATERALLY ASSAILABLE.—The objection that a single referee was appointed instead of three cannot be collaterally urged. Under section 797 of the Code of Civil Procedure, with the consent of the parties, one referee may be appointed instead of three; and when the interlocutory decree recites that the appointment of one referee was made on the consent of all the parties, that is sufficient to sustain it, even if the appointment were in fact irregularly made.

ID.—ABSENCE OF SEPARATE PARTITION OF FIVE-ACRE TRACT—JUDGMENT NOT INVALIDATED.—Although the nine cotenants of the five-acre tract might have applied to the court for a supplementary partition thereof, yet the judgment making an award to them of that separate tract is in no sense void, because it has assigned to them a definite separate tract as tenants in common. It cannot be collaterally attacked on that ground.

ID.—AWARD OF COSTS AS GENERAL LIEN ON LOT—JUDGMENT NOT COLLATERALLY ASSAILABLE.—The award of costs as a general lien on

the lot, including the interests of all the owners therein, without segregation, seems to be proper where a separate share is awarded to several cotenants. In no event could such an award render the judgment void or render it collaterally assailable for errors.

ID.—VALID EXECUTION SALE FOR COSTS.—*Held*, that the proceedings under execution sale for the unpaid costs, and the sheriff's sale and deed thereunder were valid and effective, and passed all of the interest of the decedent therein to the purchasers, and that the decree quieting the title of the respondents must be reversed.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Luce, Sloane & Luce, for Appellants.

C. N. Andrews, for Respondents.

HENSHAW, J.—This appeal is from the judgment and order denying defendants' motion for a new trial. The action was to quiet title to certain real estate in the city of San Diego. The real estate consists of certain town lots in the subdivision of a five-acre tract in the west half of pueblo lot 1128. Pueblo lot 1128 was a large tract of land containing more than one hundred and sixty acres, the title to which was originally in the city of San Diego. The city made deeds to certain portions of this lot, one to Wallace, of the west half; one to Porter, conveying eighty acres of the easterly portion, and one to Norton of "80 acres in lot 1128." The area of the pueblo lot was uncertain owing to the undetermined easterly boundary line, according to the map. The eighty acres conveyed to Norton was unlocated, wherefore an action in partition was brought for the determination and allotment of the interests of those holding under the city's deeds. In this action in partition entitled Norton *v.* Mayhew interlocutory and final decrees were entered. By them a certain five-acre tract described as lot 14, containing the lots in controversy, was set apart in common to Anderson W. Todd and eight other cotenants. It is sufficient for the purposes of this consideration to say that plaintiffs derived title by mesne conveyances through Anderson W. Todd. Defendants claim

title by virtue of sheriff's sale and deed of Todd's interest growing out of the decree of distribution in the partition suit. The facts in this connection are that the court in awarding costs decreed that the nine tenants in common to whom the five-acre tract had been awarded in severalty should "pay the sum of $21.85, the portion for which each party is liable being hereby decreed to be a first lien upon the tract of land so allotted to each of said defendants respectively." Upon failure of payment of these costs the land was sold, and it is conceded that whatever title passed by that sale vested in these defendants, and it is not disputed that if the effect of the sale was to deprive Anderson W. Todd of his interest in the land, that defendants should prevail in this action.

Manifestly then the question of the validity or invalidity of the judgment in Norton *v.* Mayhew is the all-important one in this case. It is made to appear that the trial court took the view that the judgment was void as to the nine tenants in common to whom this five-acre tract was partitioned: 1. Because it did not award them their interests in severalty; and 2. Because it did not apportion the costs in severalty, but in effect made the total costs of $21.85 awarded against the five acres a lien upon the interest of each of the cotenants, and that the sale under such judgment was therefore void. But respondent urges other objections against the validity of the judgment which demand notice. Throughout this consideration the fact is to be borne in mind that we are not reviewing this judgment under attack made on direct appeal where errors prejudicial to those appealing would call for a reversal, but we are considering it upon collateral attack, where every intendment is in favor of the judgment and where mere errors and irregularities will not be considered. Upon collateral attack the judgment will be set aside, generally speaking, for but one of three reasons: lack of jurisdiction of the person, lack of jurisdiction of the subject-matter of the action, or an absolute lack of jurisdiction to render such a judgment as the one given. (*Moore* v. *Martin,* 38 Cal. 428; *Mayo* v. *Foley,* 40 Cal. 281; *In re James,* 99 Cal. 374, [37 Am. St. Rep. 60, 33 Pac. 1122]; *Wood* v. *Jordan,* 125 Cal. 261, [57 Pac. 997].)

1. The complaint stated a cause of action. The objection to it is that plaintiff Norton is not shown to be a tenant in

common with the various defendants in the pueblo lot for the assigned reason that the complaint shows that plaintiff Norton's deed to a floating eighty acres was void for uncertainty. Such, however, is not the law. (*Cullen* v. *Sprigg,* 83 Cal. 56, [23 Pac. 222].) The complaint expressly alleged that Norton was the owner of an undivided eighty acres in said pueblo lot and that the defendants claim an interest in the same premises. The court in its interlocutory decree found that the defendants were tenants in common. Moreover, the sufficiency of the complaint may not thus be called in question upon such collateral attack. (*In re James,* 99 Cal. 376, [37 Am. St. Rep. 60, 33 Pac. 1122].)

2. Summons in the action was not issued until after the expiration of a year. It appears that summons was issued within a year after the filing of the complaint. That subsequently after the expiration of a year but while the summons was in full force and effect an amended complaint was filed bringing in new parties and process designated "Summons as Amended" was issued and thereafter served upon the defendants. Return of service was made within the statutory three years after the filing of the original complaint. The only change in the complaint or summons was the bringing in of new parties. The defendant Todd was a party to the original complaint and summons. The summons as amended and served upon him was identical with the original. The court has full power to amend its process pending its service. (Code Civ. Proc., sec. 128, subd. 8.) It is contended that an order of court was necessary for the issuance of such an amended summons and that no such order is shown. But nothing to the contrary is shown and where nothing to the contrary is shown the existence of such order will be presumed in support of the judgment upon collateral attack. (*Dowling* v. *Comerford,* 99 Cal. 204, [33 Pac. 853].) Moreover, no authority is cited to show that summons issued after one year would be held void upon collateral attack, while in *Stevens* v. *Carson,* 21 Colo. 280, [40 Pac. 569], the superior court of Colorado under a statute similar to ours holds it to be within the discretion of the court to direct issuance of summons after the expiration of the prescribed period.

3. Objection is made that but one referee was appointed instead of three. Section 797 of the Code of Civil Procedure,

provides that with the consent of the parties one referee may be appointed instead of three. The interlocutory decree recites that the appointment of one referee was made on consent of all parties, but the effect of the appointment of but one referee, even if it were irregular, would not be to avoid the judgment. It is an error that could not be taken advantage of or inquired into collaterally. (*Jack* v. *Cassin,* 9 Tex. Civ. App. 228, [28 S. W. 832]; *Morrill* v. *Morrill,* 20 Or. 96, [23 Am. St. Rep, 95, 25 Pac. 362].)

4. Coming thus to the principal objection urged against the validity of this judgment, it is unquestionably true that a party in a partition suit has the right upon demand to secure from the court a segregated allotment to him in severalty of the land which may be found to be his. Such was the holding of the court in *Emeric* v. *Alvarado,* 64 Cal. 629, [2 Pac. 418], where the question arose upon direct appeal. Nevertheless, section 760 of the Code of Civil Procedure makes provision for cases where by reason of the impracticability or inconvenience of doing otherwise, the court may set apart portions or parcels to cotenants, subsequently segregating the interests of such cotenants. Such was the method adopted here, and while the nine cotenants of the five-acre tract would have had the unquestioned right upon demand to the trial court or upon direct appeal to this court to have insisted on further proceedings whereby their several interests should be delimited and set over to them, the judgment in this case is in no sense void because it has assigned to them a designated tract as tenants in common. This was precisely what was done in *Grant* v. *Murphy,* 116 Cal. 427, [58 Am. St. Rep. 188, 48 Pac. 481], and the decree in partition was upheld as being proper upon direct attack, while in *Linehan* v. *Hathaway,* 54 Cal. 251, where a similar decree awarding lands to tenants in common was under review upon collateral attack, and where the contention was that the judgment was void, this court said "We cannot so regard it. The court had jurisdiction of the parties and of the subject-matter of the action and the judgment, if erroneous, cannot be attacked in a collateral proceeding."

5. As to the award of costs covered by sections 768 and 796 of the Code of Civil Procedure, it would seem to be proper where a share has been set off to cotenants that the proportion

of the costs should be made a lien upon the share without attempted segregation as to the portion of the costs which each of the cotenants within that share should be called upon to bear. But however this may be, the award of costs as made certainly has not rendered the judgment void. The most for which respondents here could successfully contend is that the court erred in the exercise of the jurisdiction to award costs which unquestionably it possessed, but this error within its jurisdiction cannot avail defendants upon this attack and would not render the judgment void.

No serious question is made as to the validity of the proceedings concerning the sheriff's sale and deed. Such objections as are made are fully covered by what has been said concerning the judgment. (Freeman on Execution, secs. 43 334, 339; *Boles* v. *Johnson,* 23 Cal. 226, [83 Am. Dec. 111]; *Newmark* v. *Chapman,* 53 Cal. 558; *Granger* v. *Sheriff,* 140 Cal. 190, [73 Pac. 816].)

It follows herefrom that the court erred in holding the judgment in Norton *v.* Mayhew to be invalid and void, for which reason the judgment and order here appealed from are reversed and the cause remanded.

Lorigan, J., and Melvin, J., concurred.