[S. F. No. 10894. In Bank.—January 24, 1925.]

'ANNIE STOFFER, Respondent, v. DANIEL VERHELLEN, Appellant.

[1] PARTITION—INTERLOCUTORY DECREE—DETERMINATION OF RIGHTS.—In an action in partition it is indispensable that a decree, interlocutory in its character, be first entered definitely ascertaining the rights and interests of the respective parties in the subject matter, and such a decree which is entirely silent as to the quantity of interest of either of the parties to the proceedings is erroneous in that respect.

---

(1) 30 Cyc., p. 251.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Reversed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

Clay A. Pedrazzini for Respondent.

WASTE, J.—This is an appeal by the defendant, on the judgment-roll alone, from what is denominated an interlocutory decree in partition.

The plaintiff alleged ownership, as tenant in common with the defendant, of an undivided half interest in the property, with like interest in the defendant. She prayed for a parti-

1. See 20 Cal. Jur. 642.

tion of the land according to the respective rights of the parties, or, if a partition could not be had without material injury to these rights, that the property be sold. The answer contained no allegations of fact, the defendant merely denying that the plaintiff had any interest in the property. The trial court found in favor of the plaintiff, adopting the exact language of the complaint. What was denominated an interlocutory decree in partition was then entered, adjudging "in accordance with said findings of fact and conclusions of law" that plaintiff was entitled to an interlocutory decree adjudging that she had established grounds for partition and division of the property (describing it), or, if a partition could not be had without material injury to the respective parties, that a sale of the premises and a division of the proceeds between the parties be made. There is nothing more in the decree.

[1] In an action in partition it is indispensable that a decree, interlocutory in its character, be first entered definitely ascertaining the rights and interests of the respective parties in the subject matter. The interlocutory decree entered in this case is entirely silent as to the quantity of interest of either of the parties to the proceedings, and is erroneous in that respect. (*Lorenz* v. *Jacobs*, 53 Cal. 24, 26.) It is true in this case, as it was in the case just cited, the court has made findings and conclusions of law which will go far toward furnishing a basis for the proper decree; but the parties cannot bring an appeal from these conclusions but only from the interlocutory decree itself, which decree, when properly entered, would become conclusive of their respective rights. There is not in this case such an apt reference to the findings as will warrant us in saying they become part of the decree. A decree which does not adjudicate the interests of the respective parties is invalid. (*Grant* v. *Murphy*, 116 Cal. 427, 431 [58 Am. St. Rep. 188, 48 Pac. 481]. See, also, *Emeric* v. *Alvarado*, 64 Cal. 529, 618, 619 [2 Pac. 418].)

Section 763 of the Code of Civil Procedure provides that where it appears by the evidence in partition suits, whether alleged in the complaint or not, that the property or any part of it is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof; otherwise, upon the requisite proofs being made, it must order a partition according to the respective

rights of the parties as ascertained by the court, and appoint referees therefor. The court, in the decree before us, does not make any attempt to determine the issue of partition or sale, merely paraphrasing the alternative provisions of the section in that regard.

The judgment is reversed.

Seawell, J., Shenk, J., Richards, J., Lawlor, J., and Lennon, J., concurred.