## WINNEMORE *vs.* MATHEWS.

[ACTION ON COMMON COUNT FOR WORK AND LABOR DONE, &C.]

1. *Judgment by default; what will not support.*—A summons not signed by the clerk will not support a judgment by default.
2. *Complaint; when does not contain substantial cause of action.*—A complaint upon the common count for work and labor done, in which it is not stated that the work was done by the plaintiff, does not contain a substantial cause of action.

APPEAL from City Court of Selma.

Tried before Hon. P. G. WOOD.

THE complaint in this cause (the name of the parties and style of count being here omitted,) was as follows: ·

" The plaintiff claims of the defendant three hundred dollars, due by account on 1st day of January, 1866, for work and labor done and services rendered for the defendant, at her request during the year 1865; also, the further sum of four hundred and six dollars, due by account on the 1st day of January, 1867, for work and labor done and services rendered for defendant during the year 1866, which said several sums of money, with interest thereon, are still due and unpaid."

The judgment was by default, and the defendant now appeals, assigning as error—

1st, That no summons was ever issued or signed by the clerk, and the judgment is by default.

2d, The judgment rendered.

PETTUS & DAWSON, for appellant.

The name of appellee's counsel appears neither in the record, nor on the docket.

B. F. SAFFOLD, J.—The summons was not signed by the clerk, and the judgment was by default. The summons must be signed by the clerk, and it is his signature which gives it validity.—Rev. Code, §§ 2559, 2560; *Stone v. Harris*, Minor's Rep. 32; *Browder v. Gaston & Wellborn*, 30 Ala. 677; *Costley v. Driver*, present term.

The complaint does not contain a substantial cause of action. By the omission to state who did the work, the plaintiff might recover money to which he had no claim whatever, and another is entitled.

The judgment is reversed, and the cause remanded.