## WILSON vs. OWENS' ADMINISTRATOR.

[JUDGMENT BY DEFAULT—ACTION ON PROMISSORY NOTE.]

1. *Summons; what, not sufficient to support judgment by default.*—A summons not signed by the clerk, will not support a judgment by default in an action of debt.
2. *Acceptance of service; when must be proved.*—A judgment by default, where the service of the summons is acknowledged, by endorsement in writing thereon, can not be sustained without proof of the service of summons ; nor is such a judgment cured by the statute of amendments.

APPEAL from City Court of Montgomery.
Tried before Hon. THOS. M. ARRINGTON.

The facts are stated in the opinion.

WATTS & TROY, for appellant.
WALKER, MURPHEY & WINTER, *contra*.

PETERS, J.—This was an action of debt, founded on a promissory note, commenced by summons and complaint. The summons does not appear to have been signed or issued by the clerk of the court in which the proceedings were instituted. The signature of the clerk is wholly blank ; and the summons bears date in 1860, some five years at least before the note on which the suit was brought was executed, and longer before it fell due. The complaint by which it is accompanied is in the usual form, but wholly without any intimation of a date. The service of the process is acknowledged, and the acknowledgment is indorsed on the back of the summons, and is in these words: " I hereby accept service on the within summons and complaint—Waive regularity of service. Montgomery, Ala., Jan. 20, '68 : W. J. Wilson." There was no attempt to amend the process in the court below, and there is no proof of the service of the summons shown by the

record. The judgment was by default, and rendered on the 10th day of February, 1868.

Such a judgment can not be sustained. There is no evidence in the record that such a summons was ever issued by the clerk, or that it ever went into the hands of the sheriff. It therefore had no efficacy to bring the defendant into court. It does not appear that he dispensed with its necessity. Such a summons is a nullity. Such a departure from the prescribed forms for the commencement of a suit is not cured by the statute of amendments. *Stone v. Harris,* 1 Smith Cond. R. 36; *O'Neal v. Garrett,* 3 Ala. 276; *Tuskaloosa Wharf Co. v. Mayor and Aldermen of Tuskaloosa,* 38 Ala. 514; *Harris v. Martin,* 39 Ala. 556.

Let the judgment be reversed and the cause remanded.