## MAHAN v. WYOPA COMPANY
### (No. 941; Decided April 30, 1920; 189 Pac. 633)

JUDGMENT—TRANSCRIPT OF FOREIGN JUDGMENT—PRESUMPTION OF JURISDICTION IN FOREIGN COURTS—WHEN PRESUMPTION FAILS— SERVICE ON MISDESCRIBED CORPORATION—JUDICIAL NOTICE—MIS- NOMER OF DEFENDANT IN FOREIGN JUDGMENT SUED ON RENDERS THE JUDGMENT INADMISSIBLE.

1. Full faith and credit should be given to the judgments of sister states, and where the transcript of a foreign judgment sued upon in this state is introduced in evidence, and is silent as to the manner of service, or the person or officer served if the defendant is a corporation, the law presumes that the court had jurisdiction, and that presumption prevails until the contrary is shown.

2. The presumptions, which the law implies in support of the judgments of superior courts of general jurisdiction, only prevails with respect to jurisdictional facts concerning which the record is silent, and if. the judgment recites service in a particular manner on a named individual, there is no presumption of another valid service, if that recited fails to confer jurisdiction.

3. A default judgment rendered in another state as service on defendant corporation, which was described as a corporation of Wyoming, does not support an action in Wyoming against a corporation of the same name incorporated in Maine.

4. The court does not take judicial notice of what private corporations are or are not organized under the laws of the state, so that an allegation in the reply, which is deemed controverted by statute, that there was no corporation of the

the state bearing defendant's name cannot be considered in the absence of evidence to sustain it.

5. If the recital in the foreign judgment sued on that defendant was a corporation of the state other than that in which it was organized was a misnomer which could be cured by amendment, the judgment was nevertheless inadmissable in an action against the corporation until it had been amended in direct proceedings for that purpose. To entitle plaintiff to admission in such case, it must appear that the right party had been served, and that the amendment would not substitute a new and different party. However, where there was no appearance in the trial court, such misnomer may not be cured by amendment without further service.

6. In a suit against a corporation and its receiver on a foreign default judgment, evidence held to sustain the finding that the person upon whom summons was served as treasurer of the corporation was not in fact its treasurer.

ERROR to the District Court, Fremont County; HON. CHAS. E. WINTER, Judge.

Action by John F. Mahan against the Wyopa Company and E. E. Billow as receiver thereof. Upon a judgment rendered in the state of New York in favor of William R. Edison and against Wyopa Company and thereafter assigned to plaintiff.

*Harry H. Krinsky, Joel F. Longenecker* and *Marion A. Kline,* attorneys for plaintiff in error.

The New York judgment is entitled to full faith and credit. (4410 C. S. 1920 does not apply to judgments of sister states. Sec. 1 Art. IV, U. S. Const.) The foreign court was one of competent jurisdiction. (Steinhardt v. Baker, 163 N. Y. 410.) The judgment is not open to collateral attack here unless it were permissable in the state of New York. (Bank v. Anderson, 6 Wyo. 518.) In any event the burden of proof rests upon the party attacking. (Gustavous v. Dahlmer, 163 N. Y. S. 132.) If the judgment was valid in the state of New York it was binding upon defendant wherever he may be. (Pope v. Mfg. Co. 87 N. Y. 137.) The service made in the New York case

was valid. (St. Louis Ry. Co. v. Alexander 227 U. S. 218; Conn. Ins. Co. v. Spratley, 172 U. S. 602.) In the absence of evidence to the contrary, the law of a sister state will be presumed to be the same as the law of the forum. (Cellulose Co. v. Calhoun, 166 Cal. 513; Mutual Co. v. Devine, 180 Ill. App. 422; Lyons v. Ry. Co. 253 Mo. 143; Grow v. Oregon Co. (Utah) 138 Pac. 398.) The presumption obtains that the laws of New York authorize actions against foreign corporations the same as Wyoming. (Pope v. Co. 87 N. Y. 137.) No judgment of a court of record is impaired or affected by a mistake in the name of a party or other person where the correct name has been once rightly stated in the pleadings under the New York practice. (721 Civ. Proc.) Errors or defects not affecting the substantial rights of the adverse party are insufficient grounds for reversal. 4438 C. S. 1910 Section 4410 C. S. 1910 requires the party pleading to establish the facts conferring jurisdiction, if controverted. This section is in conflict with the full faith and credit clause of the federal constitution. The court erred in admitting a large amount of incompetent evidence with reference to who was treasurer of defendant, a fact adjudicated by the New York court.

*Floyd E. Pendell* and *Ralph Kimball,* for defendant in error.

The transcript shows service upon Darwin Rudd, treasurer of Wyopa Company, a Wyoming corporation. The defendant in this action is a Maine corporation; the record therefore raises no presumption that Rudd was ever the treasurer of the Maine corporation; one Meyer was apparently the treasurer of the Maine coporation. The trial court followed the provisions of Section 4410 C. S. 1910 which requires jurisdictional facts to be established by evidence where controverted by the pleadings; there was no proof of any statute of New York authorizing a suit against a foreign corporation engaged in business in that state; on the contrary, it was shown that defendant was

not engaged in business in New York. The full faith and credit clause of the federal constitution applies only to judgments rendered by courts having jurisdiction of the subject matter and of the person. (Gustavas v. Dahlmer, 163 N. Y. Sup. 132; Smith v. Central Trust Co., 154 N. Y. 338; Shumway v. Stillman, 4 Cow. 292, 296; Pennywit v. Foote, 27 O. St. 600; 22 Am. Rep. 340; Bank of Chadron v. Anderson, 6 Wyo. 518; 7 Wyo. 441; Pennoyer v. Neff, 95 U. S. 733; 24 L. Ed. 565, 572.) In the absence of statutory authority, a corporation may be sued only in the courts of the state where it was created. (Hann v. Barnegat etc. 7 Civ. Proc. Rep. 222 Gibbs v. Queens Ins. Co., 63 N. Y. 114; St. Clair v. Cox, 106 U. S. 354; Middlebrooks v. Springfield Fire Ins. Co., 14 Conn. 301; Peckham v. Haverhill, 15 Pick. 274, 286; Lathrop v. U. P. Ry. Co., 7 D. E. Ill.; Newell v. Great Western Ry. Co., 19 Mich. 336; McNichol v. U.S. Merc. Rep. Co., 74 Mo. 457; Moulin v. Trenton Mut. L. Ins. Co., 24 N. J. L. 222; McQueen v. Middleton Mfg. Co., 16 Johns 5; Brewster v. Mich. Cent. Ry. Co., 5 How. Pr. 183; Halbert v. Hope Mutual Ins. Co., 4 How. Pr. 274; Aldrich v. Anchor etc. Co. 24 Ore. 35; 32 Pac. 756; Pennoyer v. Neff, 95 U. S. 714.) There is no presumption of jurisdiction in the absence of a statute authorizing suits against foreign corporations. (13 Am. & Eng. Enc. Law 996, 997; 23 Cyc. 1578; Galpin v. Page, 18 Wall. 350; Kelley v. Kelley, 161 Mass. 111; 25 L. R. A. 806; Morse v. Presby, 25 N. H. 299, 302; Holmes v. Broughton, 10 Wend, 75; Harris v. White 81 N. Y. 532, 544; Commonwealth v. Blood, 97 Mass. 538; Lawrence's case, 18 Abb. Pr. 347; Belcher v. Chambers, 53 Calif. 635; Wilhelm v. Parker, 17 O. Cir. Ct. Rep., 234; 9 O. Cir. Dec. 724; Louisiville etc. Co. v. Parish, 6 Ind, App. 89; 33 N. E. 122; Thatcher v. Powell, 6 Wheat. 119; Ferguson v. Jones, 17 Ore., 204; 3 L. R. A. 620.)

In the absence of proof of such a statute the common law ruling is presumed to be in force. (Mutual Life Ins. Co. v. Devine 180 Ill. App. 422; Mathieson v. St. Louis Etc.

R. R. Co., 219 Mo. 542; Brown v. Wright, 58 Ark. 26; Bance de Sonora v. Bankers Mut. Cas. Co., (Iowa) 95 N. W. 232; Savage v. O'Neal, 44 N. T. 298; Davison v. Gibson, 56 Fed. 443; Cherry v. Sprague, (Mass.) 67 L. R. A. 33, and note.) A statute authorizing suits against foreign corporations not doing business in the state are void under the due process clause of the federal Const. U. S. Const. fourteenth amend., Section 1. (St. Clair v. Cox., 106 U. S. 359; Henning v. Planters Ins. Co. 28 Fed. 440; Goldey v. Morning News, 156 U. S. 518; 39 L. Ed. 517; St. Louis Wire Mill Co. v. Consolidated Barb Wire Co., 32 Fed. 802; Hazeltine v. Miss. Valley Fire Ins. Co., 55 Fed. 743; Clews v. Woodstock Iron Co., 44 Fed. 31; United States v. Am. Bell Tel. Co., 29 Fed. 17; Conn. Mut. L. Ins. Co., v. Spratley, 172 U. S. 602; Robert Dollar Company v. Canadian Etc. Co., 220 N. Y. 270; 115 N. E. 711; Riverside & D. R. Cotton Mills v. Menefee, 237 U. S. 189; 59 L. Ed. 910; Pomeroy v. Hocking Valley Ry. Co., 218 N. Y. 530; 113 N. E. 504; Tauza v. Susquehanna Coal Co., 220 N. Y. 259; 115 N. E. 914.) In conclusion, it may be stated that three conditions are necessary to give a court jurisdiction *in personam* over a corporation.

1. That it was carrying on its business in the state where served.

2. That the business was transacted by an agent or officer appointed by the corporation.

3. A local statute making such corporation amenable to suit there as a condition of doing business in the state.

Section 4410 C. S. 1910 is clear in its terms, but even in the absence of such a statute an action based on a judgment such as plaintiff has, requires a showing of authority for its rendition in New York. Evidence with reference to the identity of the treasurer of defendant corporation was properly received.

BEARD, CHIEF JUSTICE.

This suit was brought in the district court of Fremont county by the plaintiff in error against the defendants in error upon an alleged judgment of the supreme court of New York county, state of New York, in favor of William R. Eidson and against Wyopo Company; said judgment having been assigned to the plaintiff. The cause was tried to the court without a jury. The court found generally in favor of defendant, Billow, as receiver (he being the only defendant appearing and pleading) and against the plaintiff, and rendered judgment accordingly. Plaintiff brings the case to this court by proceedings in error.

The plaintiff in his petition alleged that Wyopo Company is corporation organized and existing under the laws of the state of Maine; alleged the rendition of the judgment in the New York court in favor of Eidson and against the Wyopo company for $13,125.08, and the assignment of the judgment to plaintiff; that the New York court was a court of general jurisdiction and had jurisdiction of the subject matter of the action and of the person of the Wyopo Company, and that the judgment was wholly unpaid.

Defendant, Billow, in his answer denied that Eidson had obtained judgment against the Wyopo Company as alleged; denied that the New York court had jurisdiction of the subject matter of the causes of action in favor of Eidson and against said Wyopo Company, or of the person of said Company. Alleged that the Wyopo Company, defendant in this action, is a corporation organized and existing under the laws of the state of Maine, and authorized to carry on business in the state of Wyoming. That it has never been incorporated under the laws of the state of Wyoming. That the corporation named and described in the New York action and judgment was a corporation organized under the laws of the state of Wyoming. That defendant in this action, Wyopo Company, had never been

incorporated in the state of New York, had never been authorized to do business therein, never maintained an ·office or did business therein and never appointed an agent therein upon whom service of process could be made, and that any attempted service upon any person in said state on behalf of said corporation was a nullity. That no appearance was ever made, nor was any answer or other pleading interposed in said attempted action in the New York court by the defendant named and described in the summons and complaint, or by the Wyopo Company named and described in the petition herein; and that judgment was entered as upon default of defendant. That the plaintiff in said action, William R. Eidson, was at the time of the attempted commencement of said action a non-resident of the State of New York.

For reply plaintiff denied that the corporation named as defendant in the suit in New York was described in said action as a corporation organized under the laws of Wyoming; and alleged that the only corporation by the name of Wyopo Company authorized to do business in Wyoming was and is Wyopo Company a Maine Corporation; that there never has been any corporation organized under the laws of the state of Wyoming by the name of Wyopo Company. Denied that Eidson was a non-resident of New York.

Counsel for plaintiff in error in their brief state and rely upon the following propositions for a reversal of the judgment.

"I. The trial court did not give the judgment of the New York Supreme Court the full faith and credit it was entitled to under the Federal Constitution. 2. Section 4410 of the Wyoming Compiled Statutes, 1910, does not apply to judgments of this character rendered by the courts of a sister state, for to so hold would render said section unconstitutional as being in conflict with section 1 of Article IV of the constitution of the United States.

3.  The court over the objection of plaintiff permitted the
introduction of a large amount of incompetent evidence,
and later refused to strike out the same.  4.  The judg-
ment is contrary to both the law and the evidence.''

We will consider those points so far as we deem neces-
sary to a decision of the case.  It must be conceded, and
we think counsel do so in their briefs, that the courts of
this state are bound to give full faith and credit to the
judgments of a sister state; and that where the transcript
of a foreign judgment, sued upon in this state, is intro-
duced in evidence and is silent as to the manner of service,
or the person or officer served, when defendant is a cor-
poration, the law presumes that the court had jurisdiction,
and that presumption prevails until the contrary is shown.
''But the presumption, which the law implies in support
of the judgments of superior courts of general jurisdic-
tion, only arise with respect to jurisdictional facts con-
cerning which the record is silent.  Presumptions are only
indulged to supply the absence of evidence or averments
respecting the facts presumed.  They have no place for
consideration when the evidence is disclosed or the aver-
ment made.  When, therefore, the record states the evi-
dence or makes an averment with reference to a jurisdic-
tional fact, it will be understood to speak the truth on
that point, and it will not be presumed that there was oth-
er or different evidence respecting the fact, or that the
fact was otherwise than as averred.  If, for example, it
appears from the return of the officer or the proof of serv-
ice contained in the record, that the summons was served
at a particular place, and there is no averment of any
other service, it will not be presumed that service was
also made at another and different place; or if it appear
in like manner that the service was made upon a person
other than the defendant, it will not be presumed, in the
silence of the record, that it was made upon the defend-
ant also.  Were not this so it would never be possible to

attack collaterally the judgment of a superior court, although a want of jurisdiction might be apparent upon its face; the answer to the attack would always be that, notwithstanding the evidence or the averment, the necessary facts to support the judgment are presumed.'' (Galpin v. Page, 18 Wall (U. S.) 350, 366, 21 L. ed. 959. See also Smith v. Central Trust Co., 154 N. Y. 333; 48 N. E. 553. In re James, 99 Cal. 374, 33 Pac. 1122, 37 Am. St. Rep. 60.) Nor does the fact that the judgment recites that the defendant was duly served prevent the introduction of evidence to show that the defendant was not served, and for that reason the court was without jurisdiction. Thompson v. Whitman, 18 Wall. (U. S.) 457, 468, 21 L. Ed. 897. In the case at bar the judgment roll offered in evidence by the plaintiff contained not only the formal judgment but also the complaint, summons, and the return of service; from which it appears that on April 17, 1912, in an action then pending in the Supreme Court of New York county, state of New York, entitled ''William R. Eidson, plaintiff, against Wyopo Company, defendant,'' the plaintiff recovered judgment against the defendant for $13,-125.08, by default. The judgment recites that the summons and complaint had been duly and personally served upon the defendant on March 1, 1912. The complaint, summons, and return of service each bear the same title of the case, and it is alleged in the complaint, which is verified by the plaintiff, ''That at all times hereinafter mentioned the defendant was and is a corporation, organized and doing business under the laws of the state of Wyoming.'' The person who served said summons and complaint states in his return of service that, ''he served a true copy of the within summons and complaint on the Wyopo Company, by delivering to and leaving the same personally with Darwin Rudd, the treasurer of the Wyopo Company, the defendant herein; that he knew that the

person so served to be the treasurer of the said Wyopo Company, the defendant herein."

We think the judgment roll on its face shows that the suit in the New York court was against "Wyopo Company, a corporation, organized and doing business under the laws of the State of Wyoming," that it was the party served and was the party against which the judgment was rendered. The present action is against "Wyopo Company, a corporation, organized and existing under the laws of the State of Maine," a different party from the one against which the judgment was rendered. The plaintiff alleged in his reply that no corporation by the name of Wyopo Company was ever organized under the laws of Wyoming; but that allegation in the reply is deemed controverted by force of the statute. (Sec. 4401, Comp. Stat. 1910). No evidence was introduced in support of that allegation; and the court does not take judicial notice of what private corporations are or are not organized under the laws of the state. But if it be treated as a mere misnomer of the defendant, we are of the opinion that it was not such a misnomer as might have been cured by amendment in the trial court, where there was no appearance by the defendant, without further service. To entitle plaintiff to amend in such case it must appear that the right party had been served, and that the amendment would not substitute a new and different party. In each of the cases we have examined where an amendment was allowed the party had either appeared, or it was shown that the right party had been served although by the wrong name. (First National Bank of Baltimore v. Jaggers, 31 Md. 38; 100 Am. Dec. 53; Southern Pacific Company v. Block Bros. 84 Tex. 21; 19 S. W. 300; Licausi v. Ashworth, 79 N. Y. Supp. 631, 78 App. Div. 486, and cases cited in the opinion; Enewold v. Olsen, 39 Neb. 59, 57 N. W. 765; 22 L. R. A. 573, 42 A. S. R. 557, and notes; Goldstein v. Peter Fox Sons Co., 22 N. D. 636, 40 L. R. A.

(N. S.) 566, 135 N. W. (N. Dak.) 180.)   But, whether or not the right to amend existed in this case, no amendment was sought or made. In the case of Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. R. 604, the defendant was misnamed, but was served with summons. and the judgment was rendered against him by his true name. The sheriff sought to justify the taking of defendant's goods on execution. The court said: "But while we are of the opinion that the court in fact had jurisdiction in the action in which the judgment here in question was rendered, yet that judgment, and all the procedings in that action, were so defective that the judgment was abortive, and could not be put in evidence in this action to justify the seizure of Casper's property until the judgment, execution, and all of the proceedings in that action were amended by a direct proceeding for that purpose. For this reason, the court below did not err in holding that the judgment in question was no jus-. tification. Neither the judgment nor execution could be used for the purpose of justification until they had been amended." In the present case, defendant objected to the introduction of the transcript of the judgment roll, and it was admitted subject to the objections, and it does not appear from the record what ruling was finally made thereon by the court; but there is more reason for excluding it than in the case just cited. Here the return of service shows that service was made upon Rudd as treasurer of a Wyoming corporation and the judgment was rendered against that corporation, while the defendant in the present action is a Maine corporation. In our opinion the objections to the introduction of the judgment roll should be sustained.

We are also of the opinion that the evidence was sufficient to warrant the trial court in finding that Rudd was not the treasurer of the defendant in this action at the time he was served, but that one Myer was such treasurer.

Checks signed by Myer as Secretary and Treasurer of the defendant and paid from its funds were put in evidence. True those checks were dated in 1910, but there was other evidence at least strongly tending to show that he continued to be such treasurer until after the date of the judgment. The letter paper used by the company continued to carry his name as such Secretary and Treasurer, as well as other evidence tending to establish that fact. There is no evidence in the record that Rudd ever did any business as such treasurer, or was in fact such, other than an affidavit of one of the attorneys for plaintiff in the New York action, verified on the day the judgment was rendered, in which he states, in substance, that the defendant is a foreign corporation organized under the laws of the state of Maine; that Rudd is the treasurer of said defendant; that a copy of the summons and complaint was served on the defendant, "as appears by the annexed copy of affidavit of Rudolph Fixel." The purported copy of the affidavit of Fixel is in a case entitled "William R. Eidson, plaintiff, against William M. Greenwood, defendant," and differs materially from the affidavit of said Fixel in his return of service, and is not a true copy of said return. If the attorney's affidavit can be considered as evidence that Rudd was treasurer of the defendant in this action, it is contradicted by the allegation of the complaint and the return of the person who served the summons and complaint.

The conclusion we have arrived at on either of the questions discussed must result in an affirmance of the judgment, and for that reason the other questions discussed in the briefs of counsel have not been considered. The judgment of the district court is affirmed.

*Affirmed.*

POTTER, J., and BLYDENBURGH, J., concur.