## HUNT v. EMPLOYERS REINSURANCE CORPORATION.

### No. 15017.

Court of Civil Appeals of Texas.
Fort Worth.

March 4, 1949.

Rehearing Denied April 1, 1949.

E. W. Napier, of Wichita Falls, for appellant.

Allan D. Montgomery, of Wichita Falls, and Geo. W. Cunningham and Jesse M. Davis, both of Tulsa, Okl., for appellee.

SPEER, Justice.

This is a workmen's compensation case. On May 3, 1948, plaintiff, Frank H. Hunt, instituted this suit in the District Court of Archer County against "Employers Reinsurance Corporation, a corporation organized and doing business under the laws of the State of Texas," to recover compensation on account of an accidental injury sustained while in the employ of Shell Oil Company, Inc.

Plaintiff sued the above named corporation charging that it was the carrier of the employer's workmen's compensation. Citation was served on a person in Dallas, Texas, alleged to be the agent of the named defendant. The record reveals that the party served was the agent of "Employers Reinsurance Corporation of Kansas City, Missouri," a Missouri corporation. Around this situation hinges the principal controversy presented by this appeal. Without determining the legal effect of the involved questions, but for clarity only we shall refer to the three parties (if there be three) as follows: Frank H. Hunt as plaintiff, "Employers Reinsurance Corporation, a corporation organized and doing business under the laws of the State of Texas" as the "Texas Corporation" and "Employers Reinsurance Corporation of Kansas City, Missouri," as the "Missouri Corporation."

Prior to July 15, 1948 the Missouri Corporation procured the transfer of this case to the United States District Court for the Northern District of Texas. On the date last mentioned, the United States District Court remanded the cause to the District Court of Archer County by an order declaring it was "without jurisdiction on account of want of diversity of citizenship." This was a finding by that court that both plaintiff and defendant, the Texas Corporation, were residents of Texas.

On August 26, 1948, after this cause had been remanded to the State court by the Federal Court on July 15, as above pointed out, the Missouri Corporation filed a motion to dismiss the case as against it, because, (1) Plaintiff had sued a Texas corporation (naming it) and that movant was a Missouri corporation, (2) process was served on movant's agent and not upon the agent of the Texas corporation named, and (3) the petition charges no cause of action against movant (the Missouri Corporation).

The transcript before us does not contain a separate order overruling the Missouri Corporation's motion to dismiss it from the case but the judgment entered at the trial on the merits recites that "on the 18th day of September, 1948 such motion to dismiss came on for hearing * * * and counsel for plaintiff advised the court it (he) was desirous of having the court overrule such motion so as to enable plaintiff to have a trial on the merits before there existed any necessity of appeal and, acquiescing to the wishes of counsel for plaintiff this court thereupon overruled such motion."

On September 28, 1948 the Missouri Corporation, without waiving its motion for dismissal (which had then been overruled) but still insisting upon it being sustained, filed a lengthy verified answer, controverting all the material allegations in plaintiff's petition, including "good cause" for not filing claim sooner, and specially plead a previous injury to plaintiff while in the army and his disabilities thereunder. This answer had attached, with appropriate references, copies of the motion to dismiss it from the case and the judgment of the United States District Court, both of which are mentioned above.

There was a trial to the court without a jury, and the judgment recites substantially that trial was had on October 4, 1948; that plaintiff appeared and announced ready for trial; no one appeared for the Texas Corporation named as the sole defendant in plaintiff's petition and no showing of service upon it was made; it did not waive service by pleading or otherwise; that the Missouri corporation appeared by attorneys who expressly stated in open court that they were not appearing for the defendant named in plaintiff's petition and were objecting to the introduction of any evidence on the ground that plaintiff's petition stated no cause of action against it, the Missouri Corporation. That the plaintiff elected to stand on his petition, the case proceeded to trial, etc. The judgment further recites that the court having heard the pleadings and evidence, "finds that plaintiff has not

proven a cause of action, by competent evidence, as against the 'Missouri Corporation.' " Judgment concludes in short form "that plaintiff take nothing by his suit as against said 'Missouri Corporation' and that it go hence" etc. The court must have announced his judgment but did not have it written up and filed until October 18, 1948.

No motion for new trial is required in instances of this kind, yet it was done and acted upon by the court; indicative that judgment was rendered or at least announced before the date shown, plaintiff filed motion for new trial on October 11 and an amended motion on October 20, and on November 20, 1948 the amended motion was overruled; plaintiff excepted, gave notice of and perfected this appeal.

Reversal is sought on two points of error; they are:

"1. The defendant was named in the petition as 'Employers Reinsurance Corporation, a corporation organized and doing business under the laws of the State of Texas.' The evidence showed that the insurer was incorporated under the laws of the State of Missouri, although it was admittedly doing business under the laws of the State of Texas. The court held that because of the defective description of the defendant in the pleadings, no judgment could be rendered against it.

"2. The court erred in refusing to permit plaintiff to file his First Amended Original Petition."

The first point is a mere statement of what the court is said to have done, but we construe it to mean as stated in the second ground for new trial, which reads: "The court erred in rendering judgment against plaintiff and in favor of the defendant."

■■ If we properly construe plaintiff's (appellant's) contention made in support of his first point of error, it is that when he sued the "Texas Corporation," naming it as such, there was no misnomer because he says "the petition with certainty identifies the person sued." All this, we think, is quite true but we also think it refutes his contention that he really sued a Missouri corporation. He argues (and correctly so we

think) that the petition as a whole must be looked to in determining who was sued. We have thus examined his whole petition and find that he sued "Employers Reinsurance Corporation, a corporation organized and doing business under the laws of the State of Texas." If he had omitted that part which so definitely described the named defendant's particular identity, there would have been better reason to contend that he meant to sue some other corporation of a similar name from some other state. Unlike individuals bearing the same name and even the same initials in a given jurisdiction, such corporations may not be found in this state; yet corporations in different states may have the same or similar names as in this case and their respective identities are distinguished in courts by the limitation and description employed by the pleader.

Looking further to the whole petition, we fail to find anything indicating that any other corporation was intended to be sued than the one which plaintiff carefully designated as a Texas corporation. We also note that he plead that the corporation named by him carried the employer's workmen's compensation insurance.

We may well assume that before he filed this suit against the Texas Corporation he ascertained who was the carrier of the employer's insurance. This could have been ascertained from the official records of the Industrial Accident Board. Upon the trial plaintiff introduced in evidence a certified copy from the office of the Industrial Accident Board of "Notice that employer has become subscriber," which shows that "Employers Reinsurance Corporation, of Kansas City, Missouri" was the carrier.

There is nothing in this record nor in plaintiff's brief to indicate that he was deceived as to the identity of the corporation he sued to distinguish it from the one he served and later sought judgment against. In short, he is here claiming that he should have had a judgment against the Missouri corporation.

■ In the first place, the definiteness of plaintiff's petition in this case by which he identifies the Texas Corporation refutes the idea that he meant to sue a Missouri corpo-

486

ration. In the next place it is elementary that no legal judgment can be awarded against a person who has not been sued. 25 Tex.Jur. 472, sec. 96.

■ The record before us discloses that at a hearing of the Missouri Corporation's motion to be dismissed from the case, although plaintiff was thus apprised of the facts, he did not ask to amend his petition but elected to rely upon it and asked the court to overrule the motion and let him have a trial on the merits. The court acceded to this request and overruled the motion.

It thus appears that when the motion of the Missouri Corporation to be dismissed from the suit was heard the court reluctantly, at the request of plaintiff, overruled its motion and agreed to hear plaintiff's testimony even though the court thought it incompetent under the pleadings. It is our belief that the court should have sustained the motion at that time. We have carefully studied the judgment as finally entered and think it is in effect a dismissal of the Missouri Corporation from the case. We say this for the reason the judgment reviews the previous proceedings and finally finds that "plaintiff has not proven a cause of action by competent evidence as against the 'Missouri Corporation.'" The court then decrees that plaintiff take nothing against that corporation. We have some doubt (without determining the question) that the court ever acquired such jurisdiction of the Missouri Corporation that it could legally adjudicate any rights that may have existed between that corporation and plaintiff.

There is a clear distinction between a mistake in the name of a party defendant and a mistake in the identity of such party, such as we have in this case. This distinction was discussed at some length by us in West v. Johnson, Tex.Civ.App., 129 S.W. 2d 811, 815, writ of error refused. There we held that the general rule applicable in cases of misnomer of the defendant could not be extended to cover persons or corporations who were in fact not sued. In the cited case we reviewed many of the previous cases relating to the point there under consideration. Our conclusions had the approval of the Supreme Court.

In Gillette Motor Transport Co. v. Whitfield, Tex.Civ.App., 160 S.W.2d 290, this court again reviewed a situation somewhat analogous to the instant one. There the Wichita Falls and Southern Railway Company was made a party and the testimony developed that the Wichita Falls and Southern Railroad Company was in fact operating the train at the time plaintiff was injured. The two named companies were separate and distinct identities. We again reviewed the authorities applicable to such situation and held that if the wrong party is sued, the court does not acquire jurisdiction of the party who should have been sued in the absence of an answer or appearance by such party.

Aside from the construction of plaintiff's petition given by the U. S. District Court for the Northern District in this case, other jurisdictions have held that where a petition designates a defendant corporation in the language used to identify the "Texas Corporation" in the case at bar, such petition would not support a judgment against some other corporation with a similar name in another state. Little v. Virginia & Gold Hill Water Co., 9 Nev. 317; Mahan v. Wyopa Co., 27 Wyo. 17, 189 P. 633.

■ No question is raised on this appeal as to the finality of the judgment appealed from by plaintiff on account of no final disposition of the named defendant, to-wit, the Texas Corporation. We observe this matter however purely because it is jurisdictional with this court since a final judgment must dispose of all parties and issues involved to be appealable. We note by the judgment of the court that there is a finding that the Texas Corporation named as the sole defendant in plaintiff's petition did not appear by counsel nor by waiver or pleading, nor does it appear that it had been served with process. In such circumstances it is quite apparent to us that no judgment could have been entered for or against the Texas Corporation either by default or otherwise since it was not before the court. This deduction is supported by Massie Drilling Co. v. Nees, Tex.Com.App., 266 S.W.

504; Foster v. Buchele, Tex.Civ.App., 213 S.W.2d 738, 747, writ refused n. r. e. Under the provisions of the language used by the court in the judgment above referred to, we think the judgment has the legal effect to be a dismissal from the suit of the Texas Corporation by implication since it was found by the court not to have been served with process or otherwise to have appeared. 3 Tex.Jur. 118, sec. 56. For the reasons shown and under the authorities cited, we overrule the first point of error.

We think there is no merit in the second point, which complains because the trial court refused plaintiff's request to be permitted to file his first amended original petition.

■ Rules 62 to 65, Texas Rules of Civil Procedure, provide in effect that pleadings may be amended by either party under certain conditions. Some of those conditions are controlled by the discretion of the trial court, while under other conditions the right to amend pleadings may be considered as a matter of right. As such the amended pleading supplants and takes the place of the preceding pleading which is sought to be amended. Again, under Rule 63 an amendment may be filed with the clerk "at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial or thereafter shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there be a showing that such amendment will operate as a surprise to the opposite party."

■ The record before us discloses unmistakably that from and after August 26, 1948, when the Missouri Corporation filed its motion to be dismissed from the case, the plaintiff had full knowledge of the facts relating to that corporation's identity and at that time had declined to amend but elected to rely upon his petition as filed. The Missouri Corporation thereafter renewed its motion to be dismissed and plead the judgment of the United States District Court in which it was found that plaintiff's petition disclosed citizenship of both plaintiff and defendant (the Texas Corporation) to be in Texas and that there was no diversity of citizenship giving that court jurisdiction. He carried this information into the trial of the case on its merits on October 4, 1948, the exact date of the conclusion of that trial is not shown; and on October 11, 1948, obviously after judgment had been announced by the court, he filed his motion for new trial and on October 20 he filed an amended motion for new trial, which amended motion was on November 20, 1948 by order of the court overruled. After judgment was pronounced by the court and pending plaintiff's motion for new trial, he tendered and requested leave to file his first amended original petition on October 18, 1948. Its filing was denied by the court, which action is complained of in plaintiff's second point of error.

At the time plaintiff proposed to file his first amended petition on the date above mentioned, defendant's counsel objected to its filing on the ground that it came after judgment had been pronounced in the case by the court, that the trial had been concluded and defendant had sent its witnesses away or discharged them from a request to attend court, and upon these objections the court denied plaintiff the privilege of filing the amended pleading.

It is clear to us that no leave of the court was ever granted for the filing of the amended pleading, which leave is necessary under the provisions of Rule 63, supra, and viewing the whole picture of the situation as it then existed, we are forced to the conclusion that the court did not abuse his discretion and committed no error in refusing such leave to file at that late date.

Finding no error in this record requiring the judgment to be reversed, it is our order that it should be and it is hereby affirmed.