**Joe C. CARRINGTON, Sr., Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 10633.**

Court of Civil Appeals of Texas.

Austin.

March 4, 1959.

Rehearing Denied March 25, 1959.

Trotter, Cramer & Childs, J. Paul Pomeroy, Jr., Houston, for appellant.

Will Wilson, Atty. Gen., Fred B. Werkenthin, Richard A. Wells, Asst. Attys. Gen., for appellee.

GRAY, Justice.

This appeal is from an order appointing a receiver for Highway Insurance Underwriters, a reciprocal or interinsurance exchange, granting an injunction restraining the Underwriters from doing an insurance business and concealing or disposing of its assets.

At the request of the Commissioner of Insurance the State filed this suit, in the nature of quo warranto, against the Underwriters and its attorney-in-fact, Smith F. Brandom, Jr., and prayed for an injunction restraining the Underwriters from conducting an insurance business, for the appointment of a receiver to liquidate its affairs and for cancellation of its certificate of authority.

The Underwriters answered by a special exception whereby it

"* * * specially excepts to Plaintiff's Original Petition and says that the Court should dismiss this cause for it is insufficient in law and states no cause of action because this court has no jurisdiction in that Smith F. Brandom, Jr., attorney-in-fact for Highway Insurance Underwriters, is a resident of and is domiciled in Kansas City, State of Missouri. In this connection, defendant alleges that prior to March 13, 1958, Joe C. Carrington was attorney-in-fact for Highway Insurance Underwriters, that the subscribers thereat in this subscriber's and/or attorney-in-fact agreement specifically authorized Joe C. Carrington 'to substitute any person or persons or corporation he may select and to transfer his office to any place in the United State'; that pursuant thereto said Joe C. Carrington did on or about March 13, 1958, by substitution and assignment agreement, named Smith F.

Brandom, Jr., a resident of Kansas City, Missouri, as attorney-in-fact for Highway Insurance Exchange, who then and now maintained his office and place of business as attorney-in-fact for Highway Insurance Underwriters in Kansas City, Missouri. Defendant further shows that it is in truth and fact domiciled in the State of Missouri."

Appellant Joe C. Carrington, Sr., intervened and alleged that he is a creditor and subscriber or policyholder of the Underwriters. He specially excepted to the State's petition because it failed to allege the domicile of the Underwriters and fails to allege that such domicile is in Texas. Subject to the above special exceptions and in the alternative he alleged:

"* * * that Defendant Highway Insurance Underwriters was not domiciled within the State of Texas at the time of the filing of Plaintiff's Original Petition in this cause but at such time Defendant Highway Insurance Underwriters has had its domicile in the State of Missouri concurrent with the domicile of that of its Attorney in Fact, Smith F. Brandom, Jr. As a result of the domicile of Defendant Highway Insurance Underwriters being in the State of Missouri, Plaintiff's Original Petition is fatally defective in that it has failed to request the appointment of an 'ancillary receiver' as required, under the circumstances, by the provisions of Chapter 21 of the Texas Insurance Code [V.A.T.S.]."

The trial court overruled all special exceptions and rendered judgment as prayed for by the State.

The intervenor, Joe C. Carrington, Sr., has appealed and here presents three points. These are to the effect that the trial court erred: in failing to sustain his special exceptions supra; in retaining jurisdiction of this cause for the reason that the attorney-in-fact, Smith F. Brandom, Jr., is

a resident of and is domiciled in Missouri "and as a matter of law Highway Insurance Underwriters is domiciled in Kansas," and in admitting in evidence plaintiff's exhibts 9 through 19 because the same violate the best evidence rule.

In the opening paragraph of its petition the State complained:

"* * * of Highway Insurance Underwriters, a reciprocal or inter-insurance exchange, organized and operating under the laws of the State of Texas, and Smith F. Brandom, Jr., attorney-in-fact for said exchange, * * *"

In a subsequent paragraph of its petition the State alleged that:

"The defendant, Highway Insurance Underwriters, is a reciprocal or inter-insurance exchange, organized and operating under the provisions of Chapter 19, Texas Insurance Code, and operates through its attorney-in-fact, Smith F. Brandom, Jr., or Joe C. Carrington, Sr., at the designated office of the exchange in Austin, Texas."

The following provisions and excerpts from Chapter 19, Texas Insurance Code, are applicable here:

"Individuals, partnerships and corporations of this State hereby designated subscribers are hereby authorized to exchange reciprocal or interinsurance contracts with each other, or with individuals, partnerships and corporations of other states and countries, providing indemnity among themselves from any loss which may be insured against under other provisions of the laws, excepting life insurance."

Art. 19.02 in part provides:

"Such contracts may be executed by a duly appointed attorney in fact duly authorized and acting for such subscribers. The office or offices of such attorney may be maintained at such

place or places as may be designated by the subscribers in the power of attorney."

Art. 19.03 in part provides:

"Such subscribers, so contracting among themselves, shall, through their attorney in fact file with the Board of Insurance Commissioners a declaration verified by the oath of such attorney in fact setting forth:

"1. The name or title of the office at which subscribers propose to exchange such indemnity contracts. Said name or title shall contain the word 'reciprocal,' 'inter-insurance exchange,' 'underwriters,' 'association,' 'exchange,' 'underwriting,' 'inter-insurers,' or 'inter-insurors,' and shall not be so similar to any other name or title previously adopted by a similar organization, or by any insurance corporation or association, as in the opinion of said Board of Insurance Commissioners is calculated to confuse or deceive. The office or offices through which such indemnity contracts shall be exchanged shall be classified as reciprocal or inter-insurance exchanges;

\*  \*  \*  \*  \*  \*

"4. The location of the office or offices from which such contracts or agreements are to be issued; \* \* \*"

Art. 19.10 provides that the attorney-in-fact shall procure a certificate of authority from the Board of Insurance Commissioners.

Art. 19.12 provides:

"\* \* \* Reciprocal or inter-insurance exchanges shall be exempt from the operation of all insurance laws of this State except as in this Chapter specifically provided, or unless reciprocal or inter-insurance exchanges are specifically mentioned in such other laws. In addition to such Articles as may be made to apply by other Articles of this Code, reciprocal or inter-insurance exchanges shall not be exempt from and shall be subject to all of the provisions of Section 5 of Article 1.10 and of Article 1.15 and of Article 1.16 and of Article 5.35 and of Article 5.36 and of Article 5.37 and of Article 5.38 and of Article 5.39 and of Article 5.40 of this Code. As amended Acts 1955, 54th Leg., p. 413, ch. 117, § 51."

If the only designation of the defendant Underwriters found in the State's petition was: "Highway Insurance Underwriters, a reciprocal or inter-insurance exchange, organized and operating under the laws of Texas," then a question of the identity of the party sued might be presented. See Hunt v. Employers Reinsurance Corporation, Tex.Civ.App., 219 S.W.2d 483, er. ref., n. r. e. However such question of identity is not here presented because when we look to the State's petition in its entirety we find that the Underwriters is identified as organized and operating under Chapter 19 of the Texas Insurance Code through attorneys-in-fact "at the designated office of the exchange in Austin, Texas."

Chapter 19 supra authorizes subscribers of this State to exchange contracts with each other or with individuals, partnerships and corporations of other states and countries. Such exchange however is made through an attorney-in-fact maintaining an office at a designated place with a declaration filed by the attorneys-in-fact with the Board of Insurance Commissioners setting forth the name or the title of the office at which the exchange of contracts is proposed together with its location. Further a certificate of authority is not issued to the attorney-in-fact until the Board is satisfied that all requirements have been complied with.

The law as set out in Chapter 19 supra, to the exclusion of other laws, is applicable here. It provides that the name or the title of the office of the exchange must be set out, and the State identified the party

sued as being a party organized and operating under Chapter 19. The exchange of contracts between parties of this State and individuals or legal entities of other States is authorized and the fact that there is in existence a corporation in Kansas or in Missouri with the same name as the party sued is not controlling because that corporation or party is not the party sued and identified.

There is no requirement that the attorney-in-fact must be a resident of, or domiciled in, this State although the office at which he proposes to do business must be at a designated location. This being true the residence and domicile of Smith F. Brandom, Jr. is not of controlling importance.

The record before us shows that the office of the Underwriters was designated as 607 Brazos, Austin, Texas. It also shows that on April 8, 1958 the Board issued a certificate of authority to Joe C. Carrington, attorney-in-fact for subscribers at Highway Insurance Underwriters, Austin, Texas. This suit was filed April 17, 1958.

■ It is our opinion that ·appellant's special exceptions were properly overruled and that the trial court properly entertained jurisdiction of this cause.

Plaintiff's exhibits 9 through 19 are photostats of records of the American National Bank of Austin. They consist of deposit slips, checks and statements of account.

An assistant cashier of the American National Bank testified that the photostatic copies (Exhibits 9 through 19) were true and correct copies of the records of the American National Bank, that he was present when the copies were made and that except for the checks the originals of the copies were on hand at the Bank. As to the checks this witness testified:

"In the event of an individual account, the checks are Recordaked daily as they are paid on that account. At the end of the month's period, the checks then are tendered to the authorized person, and we keep a film, a Recordak roll of film copy of those checks on deposit."

The copies of the checks appear to have been made from the recordak film.

Sections 2, 3 and 4 of art. 3731b, Vernon's Ann.Civ.St., provide:

"Sec. 2. Where any business, as that term is defined in Chapter 321 of the General Laws of Texas 1951, in the regular course of business has kept any memorandum of or made any record of an act, event or condition, and has caused the same to be copied or reproduced by any photographic, photostatic, microfilm or other process which accurately reproduces or forms a durable medium for so reproducing the original, such reproduction shall be admissible in evidence under the provisions of Section 3 of this Article.

"Sec. 3. Such photograph, photostat, microfilm or other reproduction shall be, so far as relevant, admitted in any judicial or administrative proceeding in this state as evidence of the matters stated therein, in any instance in which the original memorandum, record, document, entry or report would be admitted under the provisions of Chapter 321 or Chapter 471 of the General Laws of Texas 1951. In the case of public records the reproduction may be proved to be correct by following the procedure set forth in Chapter 471 of the General Laws of Texas 1951, as amended. In the case of business records the reproduction may be proved to be correct by the testimony of the entrant, custodian or other qualified witness.

"Sec. 4. The existence or non-existence of the original shall not affect the admissibility of the reproduction. An enlargement or facsimile of such reproduction is likewise admissible in

evidence if the original reproduction is in existence and available for inspection under the direction of the court. The introduction of a reproduced record, enlargement or facsimile does not preclude admission of the original. Acts 1957, 55th Leg., p. 1257, ch. 418."

 In overruling appellant's objection to the exhibits the trial court impliedly found that the conditions set out in art. 3737e, Vernon's Ann.Civ.St., existed. In fact such finding is supported by the record.

It is our opinion that appellant's points supra do not present error and the judgment of the trial court is affirmed.

Affirmed.